(95 South. 534)

No. 25376.

· STATE v. GLENN.

(Oct. 30, 1922. On the Merits, Jan. 27, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⊙═⇒1020—**Supreme Court has jurisdiction, when offense charged punishable with death or imprisonment at hard labor, though defendant convicted of lesser offense.**

Under Const. 1921, art. 7, § 10, giving the Supreme Court appellate jurisdiction in criminal cases, when the penalty of death or imprisonment at hard labor may be imposed, the court has jurisdiction when the charge against defendant is for an offense so punishable, though he be convicted of a minor grade of the offense or a minor included offense not so punishable.

2. **Constitutional law** ⊙═⇒18—**Provision incorporated in new Constitution with only slight changes given meaning previously attached to it.**

Where a constitutional provision, which had acquired a fixed meaning, was incorporated in a new Constitution with only slight changes in verbiage, it should be understood as having been incorporated with the meaning which jurisprudence had attached to it.

*(Syllabus by the Court.)*

On the Merits.

3. **Criminal law** ⊙═⇒881(1)—**Larceny** ⊙═⇒83—**Verdict finding defendant guilty and fixing nature of offense is sufficient; verdict finding defendant guilty of larceny of merchandise of specified value held sufficient.**

A verdict is sufficient, which clearly shows that the jury find the accused guilty, and fixes precisely the nature of his offense.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; W. W. Bailey, Judge.

Clarence Glenn was convicted of larceny, and he appeals. Affirmed.

P. L. Ferguson, of Leesville, for appellant. A. V. Coco, Atty. Gen., and Griffin T. Hawkins, Jr., Dist. Atty., and M. C. Pickrel, Asst. Dist. Atty., both of Lake Charles (T. S. Walmsley and E. A. O'Sullivan, both of New Orleans, of counsel), for the State.

On . Motion to Dismiss.

OVERTON, J. Defendant was charged with the larceny of property, goods and chattels of the value of $35. He was found guilty of the larceny of merchandise of the value of $17.50, and sentenced to jail for the period of six months. The state moves to dismiss the appeal on the ground that the penalty actually imposed by the sentence does not exceed six months in jail, and that a fine was not imposed exceeding $300.

[1] Section 10 of article 7 of the Constitution of 1921 fixes the appellate jurisdiction of this court, in criminal cases, as follows:

"The appellate jurisdiction of the Supreme Court shall also extend to criminal cases on questions of law alone, whenever the penalty of death, or imprisonment at hard labor may be imposed; or where a fine exceeding three hundred dollars, or imprisonment exceeding six months has been actually imposed."

By the terms of the constitutional provision quoted, it is manifest that we have no jurisdiction by reason of the sentence actually imposed in this case, since the prisoner was not sentenced to imprisonment for a period exceeding six months, and since he was not fined in a sum exceeding $300; and it may be added, though it is immaterial, that no such sentence could have been lawfully pronounced against him. Our jurisdiction, however, is not governed alone by the punishment actually imposed, but extends to all cases in which the penalty of death or

imprisonment at hard labor may be imposed, and it must be found that we have no jurisdiction, by reason of that provision, before the appeal can be dismissed for want of jurisdiction.

The grade of the offense charged against the prisoner is a grade of larceny punishable with or without hard labor, and therefore, had he been convicted of it, no matter what the sentence might have been, he would have been entitled, under the clear terms of the provision of the Constitution quoted, to an appeal. However, he was acquitted of that grade, but found guilty of a minor grade of the same offense, included in the one charged. The grade of which he was convicted, that of the larceny of property of the value of $17.50, is punishable only by imprisonment in the parish jail, and not at hard labor. Section 5, Act 107 of 1902. Hence, the question for determination is: Must the jurisdiction of this court be determined from the grade of the offense as charged against the prisoner, without reference to the verdict of the jury thereon, when the offense, as charged, is punishable at hard labor; or must it be determined from the grade of which the prisoner has been convicted, when he has been acquitted of the grade with which charged, but convicted of a minor grade, included therein? If our jurisdiction, in this case, is to be determined by the former, then we have jurisdiction; if by the latter, then we do not possess it.

Under the Constitution of 1852, the question, which it is necessary here to decide, presented no difficulty, since that Constitution provided that the appellate jurisdiction of this court shall extend—

"to all criminal cases, on questions of law alone, whenever the offense charged is punishable with death, or imprisonment at hard labor, or when a fine exceeding three hundred dollars is actually imposed." Const. 1852, art. 62.

Hence, under that Constitution, in respect to the question under consideration, it is clear that the crime charged was the test of jurisdiction. Under the Constitution of 1868, the question was easy of solution also, for that Constitution made the right of appeal in all cases depend on the punishment actually imposed. Article 74, Const. 1868. However, the proper solution of the question was not so clear under the Constitution of 1879 (art. 81), since that Constitution, unlike the one of 1868, but like the one of 1852, granted the right of appeal in all cases in which the punishment of death or imprisonment at hard labor may be imposed, but in doing so, failed to indicate clearly whether the right is based on the offense as charged, or on some minor and included offense, when the prisoner has been convicted of the latter, instead of the one charged, as did the Constitution of 1852.

Since the question under consideration was decided under the Constitution of 1879, and since that part of the provision of that Constitution, granting the right to appeal, because of the nature of the punishment that may be imposed, has been incorporated in our present Constitution, it may be preferable to quote the provision that established the appellate jurisdiction of this court, in criminal cases, under the Constitution of 1879, so that the corresponding provision in the present Constitution may be compared with it, and so that the pertinency of the jurisprudence, under the latter, may appear. It reads that the appellate jurisdiction of this court, in criminal cases, shall extend as follows:

"To criminal cases on questions of law alone, whenever the punishment of death or imprisonment at hard labor may be inflicted or a fine exceeding three hundred dollars is actually imposed."

It will be observed, in comparing this provision with the corresponding one in the Constitution of 1921, that the only differences between the two are: Where the one of 1879 uses the word "punishment," that of 1921 uses the word "penalty," and where

that of 1879 uses the word "inflicted," the one of 1921 uses the word "imposed," and that the Constitution of 1921 not only grants an appeal, when a fine exceeding $300 is actually imposed, but also when the accused has been sentenced to more than six months' imprisonment. Hence, with the exception of the difference last mentioned, which does not enter into the question, the two provisions are identical, except as to two slight changes in verbiage, which do not alter the substance. Therefore, the jurisprudence under the Constitution of 1879 is applicable, and is peculiarly so, since that part of the Constitution of 1879, which grants the right of appeal, because of the nature of the punishment that may be imposed, has been incorporated in each succeeding Constitution, without any greater change than the two slight ones mentioned.

The first case, in which the question was presented under the Constitution of 1879, is that of State ex rel. Gabriel v. Judge, 33 La. Ann. 1227. In that case the prisoner was charged with the crime of assault with intent to commit rape, an offense which was punishable by imprisonment at hard labor. He was convicted of the included offense of assault, which was punishable only by fine or imprisonment in the parish jail, or both, and therefore not at hard labor. He was sentenced to jail for three months and fined $25. The district judge refused to grant him an appeal, and he applied to this court for a writ of mandamus to force the judge to grant one. In determining the prisoner's right to the relief for which he prayed, the court reviewed the provisions contained in the Constitutions of 1852 and 1868, and compared each with the corresponding provision in the Constitution of 1879, the one then in force, much as we have done, and reached the conclusion that the difference between the provisions in the Constitution of 1879 and that of 1852 was one merely of verbiage,

and that it was the intention of the former to grant the right of appeal in such a case, just as the latter had granted it, and accordingly made the writ of mandamus peremptory.

The question was next presented in the case of State v. Taylor, 34 La. Ann. 978. A bill of information, charging an offense punishable with or without hard labor, was quashed, and the state appealed. A motion to dismiss was filed, one of the grounds of which was that the state had no right of appeal in a criminal case. The state cited the case of State ex rel. Gabriel v. Judge to show that a conviction on the charge preferred is not a condition precedent to the right of appeal or to the entertaining of appellate jurisdiction by this court, whenever the offense charged is punishable with death or imprisonment at hard labor. Counsel for defendant vigorously attacked the Gabriel Case, but the court, after a re-examination of it, affirmed its doctrine, and in part rested its ruling on it, in maintaining the appeal.

The question next arose in the case of State v. Guillory, 42 La. Ann. 581, 7 South. 690. Here the prisoner was indicted for murder, and the jury found him guilty of an assault with intent to kill, which was a mere misdemeanor, and therefore not punishable at hard labor. He was sentenced to pay a fine of $100, or suffer imprisonment in the parish jail for six months. The prisoner appealed, and the state moved to dismiss the appeal on the ground that this court was without jurisdiction, but the court refused to dismiss it, and reaffirmed the doctrine of the case of State ex rel. Gabriel.

[2] From this jurisprudence it would appear that when the succeeding Constitution, that of 1898, was adopted, the provision of the Constitution of 1879, which we have considered, had a fixed meaning, in so far as it bore on questions similar to the one here at

issue. As that provision was incorporated in the Constitution of 1898 with only the slight and immaterial change in verbiage mentioned, it should be understood as having been incorporated with the meaning which jurisprudence had attached to it. And, since it was carried into the Constitution of 1921 while that meaning was still attached to it, we feel that we should hold that the intention was to confer appellate jurisdiction on this court, whenever the charge preferred against the prisoner is punishable with death or imprisonment at hard labor. There was no intention to make our jurisdiction depend on the charge on which a conviction is had. Hence, when it occurs, as in this case, that the charge against the prisoner is for an offense punishable with death or hard labor, and instead of having been convicted thereof, the prisoner is convicted of a minor offense, included therein, or of a minor grade of the offense charged, but not so punishable, this court, nevertheless, because of the offense charged, has jurisdiction of his appeal, irrespective of the sentence actually imposed.

For the reasons assigned, the motion to dismiss is denied.

### On the Merits.

ST. PAUL, J.  [3] The appellant was charged with the larceny of three shirts, two blouses, and one skirt, all of the alleged value of $35, and the jury found him "guilty of larceny of merchandise to the amount of $17.50."

He moved in arrest of judgment that the verdict was not responsive to the charge, which motion was overruled by the trial judge on the ground that the verdict was responsive to the charge and the evidence.

We think the verdict sufficient. Its meaning is unmistakable; the jury clearly meant to find the accused guilty of the larceny with which he was charged and to establish the value of the stolen property at more than $5 and less than $20, thereby fixing the precise nature of the offense and the penalty appropriate thereto. Act 107 of 1902, § 5.

The other exceptions are not insisted upon, and are without merit.

### Decree.

The judgment appealed from is therefore affirmed.