O’NIELL, C. J.
 

 The plaintiffs have appealed from a judgment dismissing their suit on an exception of no cause of action. The suit is for an injunction to stop the construction of a trestle approach to a bridge to be built over Red river, at the foot of Texas street, in Shreveport, and to prevent the cutting away of part of the sidewalk on Texas street, and the construction of any obstruction to the street, in connection with the'approach to the bridge, without adequate compensation being first paid to the petitioners for the alleged damage to be done to their property fronting on Texas street. The plaintiffs own property that is used for commercial purposes, on Texas street, at the place where the approach to the bridge is being constructed. They allege that the approach to the bridge will occupy the greater part of the street, in front of their property, and will interfere with traffic, and with the free access to their places of business, and will cut off the light and air, and thereby damage the property of each of them
 
 to
 
 an extent exceeding $2,000. They allege that the defendants, Louisiana highway commission and city of Shreveport, have caused the sidewalk to be cut away, to the extent of three feet of its width, on one side of the trestle approach, and will reduce the width of the sidewalk on the other side of the street, if not prevented by injunction; and that this cutting away of the sidewalk will lessen the free access to the plaintiffs’ premises, and cause inconvenience to them and damage to their property.
 

 The plaintiffs do not undertake to estimate the extent of the damage which they fear will be done to their property by the construction complained of. Their contention is that the highway commission should bring some proceeding to fix the amount of the damage, and should actually pay the amount so fixed, before having the approach to the bridge constructed on the public street. The city of Shreveport is sued also, because the city adopted an ordinance authorizing the construction of the approach to the bridge.
 

 The plaintiffs rest their case upon the declaration in section 2 of article 1 of the Constitution 1921, that private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid. In so far as the constitutional guaranty requires that the compensation shall be paid in advance of the taking or damaging of private property for a public purpose, it has been construed to apply only to the taking of property and to damages committed by an actual entry, in the nature of a trespass, upon private property, and not to damages which may be caused remotely by the construction of public works, and which
 
 *993
 
 cannot be estimated in advance of the construction of sucb works. Tbe same provision that is made in section 2 of article 1 of tbe 'Constitution now in force was made in article 156 of tbe Constitution of 1879, and was retained in article 167 of the Constitution of 1898 and of 1913. In the case of McMahon and Perrin v. St. Louis, Arkansas & Texas Railroad Co., 41 La. Ann. 827, 6 So. 640, in 1889, the plaintiffs, being the lessees of commercial property- in Shreveport, claimed $5,000 damages because the railroad company laid tracks on the street in front of their place of business, interfering with their business and reducing the value of their lease. Thereafter they filed another suit, alleging that the railroad company was making further constructions on the street, in front of their premises, which would cause additional damages to the extent of $5,000, if not prevented, and praying for a writ of injunction. The district judge granted the writ of injunction, but afterwards dissolved it on bond. The two suits were consolidated and resulted in a judgment for the plaintiffs for $1,500, without a permanent injunction. The railroad company appealed, and the plaintiffs, answering the appeal, prayed for an amendment perpetuating the injunction. This court rejected the plaintiffs’ demand for an injunction, and dismissed the suit for damages as in case of nonsuit. Referring to the plaintiffs’ complaint of the district court’s dissolving the injunction on bond, the court interpreted article 156 of the Constitution of 1879 thus:
 

 “It is true the constitution, art. 156, provides that ‘private property shall not be taken nor damaged for public purposes without adequate compensation being first paid.’ We will not say what might be the effect of this article on the right to bond, if the act prohibited involved the taking of property, the value of which might be settled in advance. But in this casé there is no taking of plaintiff’s property, which is not invaded or touched. The damages claimed are purely consequential in their nature, necessarily conjectural, and impossible of any accurate determination, except after the construction of the road. To impose upon the parties the necessity of settling and paying such damages before proceeding with the work would be to require a manifest impossibility; and, if such an injunction could not be bonded it would operate a perpetual bar to the construction of public works, which was certainly not contemplated by the constitution. * * *
 

 “The defendant has done nothing but what it had a legal right to do, and it has exercised that right in a proper, prudent, and cautious manner, inflicting upon plaintiffs no injury or damage, except such as necessarily results from the exercise of the right.”
 

 The presumption is that the Constitutional Convention of 1898, of 1913, and of 1921, in retaining in the Constitution of each of those years the substance of the language of article 156 of the Constitution of 1879, intended that it should have the same meaning that this court had given to it in the ease cited; otherwise the language would have been changed. When a law has been interpreted by the court having final jurisdiction to interpret it, and is afterwards re-enacted without any substantial change in its language, the presumption is that the lawmaker ■has approved of the interpretation. Our
 
 *995
 
 conclusion, therefore, is that the judgment' appealed from is correct.
 

 We do not express an opinion as to whether the plaintiffs may have a cause of action for damages for impairment in the value of their property when the work complained of is done. This is not an action for damages.
 

 The judgment is affirmed.