319 So.2d 496 (1975)
STATE of Louisiana In the Interest of Leonard CORTEZ.
No. 6959.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1975.
Rehearing Denied October 9, 1975.
Writ Refused November 21, 1975.
Melvin P. Barre, New Orleans, Victor E. Bradley, Jr., Norco, and Abbott J. Reeves, Gretna, for appellee State of Louisiana.
William D. O'Regan, LaPlace, for appellant Leonard Cortez.
Before LEMMON, GULOTTA and BEER, JJ.
BEER, Judge.
Appellant, Leonard Cortez, a child under seventeen years of age,[*] was adjudged a delinquent child for violationg LSA-R.S. 14:37 (aggravated assault). He now appeals.
Leonard was a student at Edgard High School on October 18, 1974. Shortly before *497 noon recess he was accused of misconduct and sent to the principal, Mr. Gerald Keller. Mr. Keller ordered him to leave the school campus. He refused and Mr. Keller began to physically eject him by grabbing the seat of his pants. Leonard said "Let me downI'm leaving." The principal let go. Leonard took two or three steps, turned, and then dug into his pocket, taking out a "Barlow" knife and opening the blade which is about 4 inches long. With the knife in his hand and his hand at his side he began walking in a direction which would eventually take him off the school grounds. Mr. Keller followed him until he actually left the school campus. During this time, the opened knife remained in Leonard's hand although he made no specific threatening gesture nor any oral comment. Leonard walked off the campus followed by Mr. Keller who felt obliged to see that he did, in fact, leave the school grounds.
Standing on the levee across the River Road which divides the levee from the campus itself, Leonard called to Mr. Keller who was standing on the campus side of the River Road. He said: "You're going to be a dead mother fucker when I catch you. Your ass is dead. You're going to be a dead son of a bitch." The opened knife remained in his hand.
Shortly thereafter Leonard was apprehended by Deputy Sheriff Granier who had been previously summoned, at Mr. Keller's request, by one of the school teachers on the staff.
We have examined the Barlow knife which was placed in evidence. There is no doubt that it is a "dangerous weapon" within the definition of LSA-R.S. 14:37 and appellant's counsel has, in oral argument, conceded this. Thus, the correctness of the trial court's judgment turns upon a finding that Mr. Keller was, at some point during the confrontation, in reasonable apprehension of receiving a battery.
We believe that he was. It is difficult to say whether it was more reasonable for Mr. Keller to be apprehensive when Leonard first took out his knife and opened it standing two or three steps away or when the actual threat of physical violence was made with the knife still opened but with a greater distance between the individuals.
Mr. Keller's testimony indicates that he didn't know what Leonard was going to do with the knife. Appellant's able counsel strongly urges that this constitutes an admission on Mr. Keller's part that he was not clearly apprehensive, thus creating a reasonable doubt with respect to one of the essential elements of the crime of aggravated assault.
We agree completely with appellant's contention that every element of the crime must be proven beyond a reasonable doubt to support a judgment of delinquency by reason of a violation of LSA-R.S. 14:37. However, we also conclude that all of the facts existent at the moment the knife was originally opened by Leonard and, again, all the facts existent at the moment the verbal threat was made, constitute, in each instance, a proper and valid basis for "reasonable apprehension" on the part of Mr. Keller within the definition contemplated by the statute.
The judgment of the trial court is affirmed at appellant's cost.
Affirmed.
NOTES
[*] Leonard was fifteen years old at the time of the incident and sixteen years old at the time of trial.