325 So.2d 725 (1976)
Vincent CASTIGLIONE and Edward Baradell
v.
James J. GALPIN.
No. 7174.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1976.
Rehearing Denied February 10, 1976.
Richard S. Vale, Metairie, for plaintiffs-appellees.
Joseph A. Barreca, New Orleans, for defendant-appellant.
Before GULOTTA, BOUTALL and MORIAL, JJ.
GULOTTA, Judge.
This is a suit for damages resulting from an alleged assault based on plaintiffs', Sewerage & Water Board employees, claims that they were placed in reasonable apprehension of receiving a battery when defendant pointed a shotgun at them. This incident occurred after plaintiffs informed defendant that the water would be turned off because of defendant's nonpayment of a water bill. The trial judge rendered judgment in favor of each plaintiff in the sum of $750.00. Defendant appeals. We affirm.
According to plaintiffs' versions of the incident, upon arrival at defendant's residence *726 and after informing him that they were under instructions to turn the water off if the bill was not paid, Galpin stated, "I'll get a gun and shoot you if you dare to close that water." Whereupon, after reiterating the threat, defendant obtained a shotgun from inside the premises and returned to the front porch, where he pointed the gun at plaintiffs while they were preparing to turn the water off at the water main located in the front yard.
Defendant's version of the incident is that he objected to plaintiffs' stated intention to turn off the water and obtained a shotgun. However, he denied that he at any time pointed the weapon at plaintiffs. According to his version, he merely laid the gun across his knee while in a squatting position.
In the absence of trial court reasons, we are unable to ascertain whether the judge made a factual determination that the gun was either in defendant's lap, or pointed at plaintiffs. Nevertheless, we are convinced from the circumstances surrounding the incident that defendant's action (whether the gun remained on defendant's lap or was pointed at plaintiffs) resulted in plaintiffs being placed in reasonable apprehension of receiving a battery and was sufficient to constitute an assault.
Words alone may not be sufficient to constitute an assault; however, threats coupled with the present ability to carry out the threats are sufficient when one is placed in reasonable apprehension of receiving an injury. See State in Interest of Cortez, 319 So.2d 496 (La.App., 4th Cir. 1975); Osborne v. People's Benev. Industrial Life Ins. Co. of Louisiana, 19 La.App. 667, 139 So. 733 (2d Cir. 1932) and the authorities cited therein. It is clear that defendant threatened plaintiffs with bodily harm in the event they turned the water off and that defendant did possess the ability to carry out those threats. Under the circumstances, it is plausible that plaintiffs were in reasonable apprehension of receiving a battery. Accordingly, we find no error on the part of the trial judge finding defendant liable.
Nor do we find merit in defendant's claim that the amount of the award to each plaintiff in the sum of $750.00 is excessive. Castiglione testified that he was unable to continue to work that day and remained away from work for "a couple of days". He did not seek any medical attention from a physician, however, he remained nervous and upset for a period of approximately one week. He further stated that he did take "nerve pills" which had been prescribed for his wife.
According to the testimony of Mrs. Baradell,[1] her husband came home early from work and was upset and nervous. Although he did not take any medication or see a doctor, he remained nervous and upset for approximately a week. She further testified that her husband missed "a couple of days" from work.
We cannot say, under the circumstances, that the amount of the awards is so excessive as to constitute an abuse of the much discretion rule. See Squyres v. Phillips, 285 So.2d 337 (La.App., 3d Cir. 1973). The judgment is affirmed.
Affirmed.
NOTES
[1] Plaintiff Baradell was deceased at the time of trial.