461 So.2d 658 (1984)
STATE of Louisiana in the Interest of Shawanda Lynette COX.
No. KJ 84 0695.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
Writ Denied March 15, 1985.
*659 V. Patrick Bella, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee State of La.
Michael Mitchell, Baton Rouge, for defendant-appellant Shawanda Lynette Cox.
Before COLE, CARTER and LANIER, JJ.
LANIER, Judge.
On January 16, 1984, Shawanda Lynette Cox, a juvenile, was taken into custody for being a delinquent child in East Baton Rouge Parish, Louisiana. A detention hearing was held in the juvenile court for East Baton Rouge Parish on January 18, 1984, at which time the court appointed defense counsel and ordered Cox to be held in pre-adjudication detention unless she posted a $50,000 bond. On January 27, 1984, the State filed a petition charging Cox with being a delinquent child, a child in need of supervision and a child in need of care by committing aggravated assault and attempted felony theft in violation of La. R.S. 14:37 and 14:27 and 67, respectively. Cox, through her counsel, denied the allegations of the petition. On April 2, 1984, an adjudicatory hearing was held on the charges. Cox was adjudicated a delinquent child on the aggravated assault charge. The court found her not guilty of attempted theft and dismissed that charge. On *660 April 16, 1984, a dispositional hearing was held. The court ordered Cox committed to the custody of the Louisiana Department of Corrections for a period not to exceed six months, with credit for time served commencing April 16, 1984.[1] Counsel for Cox made a motion for a suspensive appeal. The court granted a devolutive appeal which was lodged in this court on June 4, 1984.

FACTS
On January 16, 1984, Chandler Willis was the owner and operator of the Willis-Liggett Drugstore located at 409 Riverside Mall in East Baton Rouge Parish, Louisiana. At approximately 5:00 p.m., Willis was "checking out" the cash register when he heard the distinctive sound of the door of his safe hitting the safe casing in the back office of the store. Willis looked toward the back office and observed a black male and a black female leaving the office and walking toward the front of the store. Willis confronted the pair and attempted to block their passage out of the store. After the male unsuccessfully tried to get by Willis, the female pulled a pistol out of her jacket. Willis stepped back and the male passed by him. As the male was leaving the store, the female moved in front of Willis and he grabbed the pistol and took it away from the female. The female ran out of the store and Willis pursued her. Willis caught the female at the street, brought her back inside the store and held her until the police arrived.

STANDARD FOR APPELLATE REVIEW OF FACTS IN JUVENILE MATTERS
The courts of appeal of Louisiana have appellate jurisdiction of all matters appealed from juvenile courts. La. Const. of 1974, art. V, § 10(A)(2); La.C.J.P. art. 97 et seq. The scope of appellate review by the courts of appeal in juvenile matters extends to both the law and the facts. La. Const. of 1974, art. V, § 10(B).
In civil matters the scope of appellate review by the courts of appeal of Louisiana extends to the law and the facts, just as in juvenile matters. La. Const. of 1974, art. V, § 10(B). The standard for appellate review of facts in civil matters is set forth in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) and Canter v. Koehring Company, 283 So.2d 716 (La.1973). When reviewing the facts in a civil matter, an appellate court may not disturb reasonable evaluations of credibility and reasonable inferences of fact of a district court. However, even though an appellate court determines there is a reasonable factual basis for the findings of the district court, the appellate court has latitude to evaluate the overall weight of the evidence to determine if the factual conclusions of the district court are clearly wrong.
The scope of appellate review of the courts of appeal of Louisiana in criminal cases extends only to questions of law. La. Const. of 1974, art. V, § 10(B). However, in State v. Mathews, 375 So.2d 1165 (La.1979), a majority of the Louisiana Supreme Court determined that the United States Supreme Court case of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), required that the standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Under the Jackson standard, all evidence must be considered in the light most favorable to the prosecution and all reasonable *661 findings of the trier of fact involving conflicts in the testimony (credibility), the weight of the evidence and the inferences drawn from the basic facts must be accepted by an appellate court. However, determinations of the credibility of witnesses is a matter of the weight of the evidence and not its sufficiency. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). A determination of the weight of the evidence is a question of fact. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983). Since the weight of the evidence is a question of fact, this court has no appellate jurisdiction to review it in appeals in criminal cases. State v. Williams, 452 So.2d 234 (La.App. 1st Cir.1984), writ not considered, 456 So.2d 161 (La.1984), reconsideration not considered, 458 So.2d 471 (La.1984).
The evidentiary elements considered in making a Jackson review are the same as an Arceneaux review: weight, credibility (an element of weight) and inferences. Under the Jackson standard, these elements must be considered in the light most favorable to the prevailing party, the prosecution. Under the Arceneaux standard, the appellate court is not required to consider the three elements in the light most favorable to the prevailing party but must accept reasonable evaluations of credibility and reasonable inferences and may determine if the overall weight of the evidence is clearly wrong. A review under the Arceneaux standard is broader in scope than a review under the Jackson standard. State in Interest of Cason, 438 So.2d 1130 (La. App. 2nd Cir.1983).
A review of the jurisprudence shows that some appellate courts have reviewed juvenile delinquency adjudications under the Arceneaux standard, some have reviewed them under the Jackson standard[2] and some have reviewed them under both. State in Interest of Racine, 433 So.2d 243 (La.App. 1st Cir.1983), writ denied, 440 So.2d 151 (La.1983). See also State v. Redd, 445 So.2d 126 (La.App. 2nd Cir.1984) and Cason, 438 So.2d at 1131-1132. The Arceneaux review is clearly a review of facts because it involves determinations of reasonable inferences, reasonable credibility findings and overall weight evaluation.
Is a Jackson review one of fact or one of law?[3] At least two legal authorities and the Louisiana Supreme Court in dictum have indicated that a Jackson review of the sufficiency of the evidence is a question of law. Baker, Developments in the Law, 1982-1983: Criminal Law, 44 La.L.Rev. 279 (1983); Joseph, Developments in the Law, 1982-1983: Postconviction Procedure, 44 La.L.Rev. 477 (1983); State v. Cheatwood, 458 So.2d 907 (La.1984); State v. Moran, 400 So.2d 1359, 1363 at fn. 4 (La.1981). If a Jackson review is a question of law, and if we only conducted that review in a juvenile delinquency matter, would we be abdicating our constitutional jurisdiction and duty to review questions of fact in such cases? Or, should we review the sufficiency of the evidence as a question of law under the Jackson standard and the weight of the evidence as a question of fact under the Arceneaux standard? Since the Arceneaux standard is broader in scope than the Jackson standard, would an Arceneaux review necessarily include a Jackson review? Since the evidentiary elements of each standard are the same (weight, credibility and inferences), how can one be a question of law and the other a question of fact?
La. Const. of 1921, art. VII, § 10 established the appellate jurisdiction of the Louisiana Supreme Court, in part, as follows: "In criminal matters, its appellate jurisdiction extends to questions of law only." To determine jurisdiction under this provision, the Louisiana Supreme Court defined a question of law as "where there is no evidence at all upon some essential element of the crime". A question of fact was defined *662 as "the sufficiency of the evidence". State v. Vines, 245 La. 977, 162 So.2d 332 (1964) and the cases cited therein.
La. Const. of 1974, art. V, § 5(C) established the appellate jurisdiction of the Louisiana Supreme Court, in part, as follows: "In criminal matters, its appellate jurisdiction extends only to questions of law." In explaining this constitutional prohibition against appellate review of facts in criminal cases at the Constitutional Convention of 1973, the chairman of the Judiciary Committee observed that "[i]n criminal matters however the appellate jurisdiction is restricted to questions of law. This is also the present law in our Constitution and is continued without substance." 6 Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts, page 721 on August 15, 1973. The Constitutional Convention of 1973 kept a verbatim record of its proceedings, in part, to aid the courts in interpreting constitutional provisions. 5 Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts, pages 67-73 on January 13, 1973. On numerous occasions, the courts have referred to convention records to determine the meaning of constitutional provisions. State v. Ruple, 426 So.2d 249, 254 (La.App. 1st Cir.1983). To determine jurisdiction under this constitutional provision, the Louisiana Supreme Court defined a question of law as "only where there is no evidence at all to support an essential element of the crime". The "sufficiency of the evidence" was considered a question of fact over which the court had no jurisdiction. State v. Tennant, 352 So.2d 629 (La.1977) and the cases cited therein; Ruple, 426 So.2d at 255. This jurisprudence has not been expressly overruled. If this jurisprudence is changed, it will effect a substantial amendment of the Louisiana Constitution of 1974 without a vote of the people as required by Article 13 thereof.
Effective July 1, 1982, the Courts of Appeal of Louisiana were invested with appellate jurisdiction in criminal cases triable by a jury (except death penalty cases). La. Const. of 1974, art. V, § 10(A)(3). The jurisdiction of courts of appeal was established, in part, in La. Const. of 1974, art. V, § 10(B) as follows:
Except as limited to questions of law by this constitution, or as provided by law in the review of administrative agency determinations, appellate jurisdiction of a court of appeal extends to law and facts. In criminal cases its appellate jurisdiction extends only to questions of law.

(Emphasis added).
The language about criminal appellate jurisdiction being limited to questions of law is almost identical to that used in La. Const. of 1921, art. VII, § 10 and La. Const. of 1974, art. V, § 5(C). It is a well established rule of constitutional construction that where a constitutional provision similar or identical to that contained in a prior constitution is adopted, it is presumed such provision was adopted with the construction previously placed on it by the jurisprudence. State v. Schneller, 199 La. 811, 7 So.2d 66 (1942); Kuhn v. Louisiana Highway Commission, 174 La. 990, 142 So. 149 (1932); State v. Glenn, 153 La. 147, 95 So. 534 (1923); Brasseaux v. Vermilion Parish Police Jury, 361 So.2d 35 (La.App. 3rd Cir.1978), writ denied, 363 So.2d 535 (La.1978); 16 C.J.S., Constitutional Law, § 35. Thus, it would appear that for purposes of determining our constitutional jurisdiction questions of sufficiency of evidence (as determined in a Jackson review) are questions of fact.
If the Jackson sufficiency of evidence review presents a question of law, then juvenile matters (where we have jurisdiction over questions of law and fact) must be evaluated under both the Jackson and the Arceneaux standards by an appellate court to perform its constitutional duty to review the law and the facts. In such a situation (and because an Arceneaux review is broader than a Jackson review), it is theoretically possible that the evidence would be sufficient under Jackson but insufficient under Arceneaux. However, if a Jackson review involves a question of fact, then juvenile matters must be evaluated *663 under the Jackson standard or the Arceneaux standard, but not both.

SUFFICIENCY OF PROOF
When the State charges a child with a delinquent act, it has the burden of proving each element of the offense beyond a reasonable doubt. La.C.J.P. art. 73. Cox was adjudicated a delinquent child for committing an aggravated assault in violation of La.R.S. 14:37. An aggravated assault is defined in La.R.S. 14:37 as "an assault committed with a dangerous weapon." An assault, as charged herein, is defined in La.R.S. 14:36 as "the intentional placing of another in reasonable apprehension of receiving a battery." A dangerous weapon, as charged herein, is defined in La.R.S. 14:2(3) as an "instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." The elements of the offense, as charged in the petition, are: (1) on January 16, 1984, Shawanda Lynette Cox, a juvenile; (2) in East Baton Rouge Parish; (3) with the requisite criminal intent; (4) placed Chandler Willis in reasonable apprehension of receiving a battery; and (5) the reasonable apprehension of receiving a battery was produced by a dangerous weapon.
Mary Ann Cox, the juvenile's grandmother, testified that her address was 534 South 18th Street in Baton Rouge. She had physical custody of the juvenile because the juvenile's mother "had her turned over to me because she's in St. Gabriel". The juvenile was born on November 3, 1969, and was 14 years of age. The juvenile's father, John Starks, did not have legal custody of her.
Chandler Willis testified that he was the owner of the Willis-Liggett Drugstore located at 409 Riverside Mall in East Baton Rouge Parish. On January 16, 1984, at approximately 5:00 p.m., he was at the rear of his store checking out his cash register. The only people in that area of the store were himself and his father, who was at the prescription counter. Willis heard the sound of his safe door hitting the safe casing in the back office of the store. He looked toward the office and saw a black male and a black female walking toward the front from the direction of the office. Willis confronted the pair and asked what they were doing. He suspected they had been in the safe and blocked their passage to try to question them. The male tried to push his way past Willis, and the female pulled a gun out of her jacket and pointed it at him. He stepped back and the man walked past him. The girl got in front of him, holding the gun pointed to the front of her (not at him) and he "grabbed the pistol in her hand and wrestled her down, took the gun away from her" and she got up and ran out. Willis ran after her, caught her and brought her back in the store. The police were then called. On re-entering the store, Willis found the petty cash bag he kept in the safe on the floor where he had the struggle with the female. Prior to the struggle, the cash bag was kept in the safe. Willis opened the bag and everything was intact. The bag had approximately $360 in it. A gun (State-1) was shown to Willis, and he identified it as looking like the one he took from the female. Willis was unable to identify Cox as the female involved in this incident.
Rosalind Sheppard testified that she worked for the Liggett Drugstore. When asked about the incident, she said she observed a girl come in the store looking for cards. This girl also looked at the liquor. The girl was with a man and another girl. The girl went to the back of the store. She later saw Willis talking to "them". She observed that the girl had a gun, but it was not pointed at anyone when she observed it. Sheppard positively identified Cox several times as the girl with the gun. Sheppard saw Cox over a period of about ten or fifteen minutes that day. Sheppard saw Willis go after Cox and saw Willis bring her back into the store.
Detective Randall Moran of the Armed Robbery Division of the Baton Rouge Police Department testified that he received a complaint about 5:10 or 5:15 p.m. on January 16, 1984. Pursuant to the complaint, he went to Liggett's Drugstore on Riverside *664 in East Baton Rouge Parish. When he arrived, Cox was being detained by Willis. He arrested her and she identified herself as Shawanda Cox. Moran took a pistol into custody from Willis and identified the pistol (State-1) at the trial. The pistol was a Raven Arms Model P-25 .25 caliber pistol with Serial # 631409. The pistol and its clip were introduced into evidence, but neither contained bullets. Moran also seized a knife and a scabbard from Cox.
Cox contends that the proof is insufficient because there was no showing that Willis was placed in reasonable apprehension of receiving a battery. Cox contends the pistol was never actually pointed at Willis; however, Willis specifically testified it was. The court accepted Willis' testimony on this point. The court inferred from the fact that Willis grabbed the gun and took it from Cox after she pointed it at him that he was in apprehension of receiving a battery. This is a reasonable inference. In addition, after Cox pulled the gun and pointed it at Willis, he backed away from the male and allowed him to pass. It also could be reasonably inferred from this fact that Willis was in reasonable apprehension of receiving a battery.
Cox contends that the proof is not sufficient because the gun was not loaded and, thus, there is no showing that it was a dangerous weapon. This contention is without merit. State v. Johnston, 207 La. 161, 20 So.2d 741 (1944); State v. Connors, 432 So.2d 308 (La.App. 5th Cir.1983); cf. State v. Bonier, 367 So.2d 824 (La.1979).
Cox contends that the proof is insufficient that she was the offender in the incident because Willis could not identify her and because Sheppard's identification was uncertain. The juvenile court judge found as a fact that the identification of the juvenile as the offender was sufficient. A review of the facts set forth above shows that this contention is without merit.
There is sufficient evidence in the record to support the juvenile court's adjudication of delinquency under either a Jackson or an Arceneaux review.[4]Cf. State in Interest of Cortez, 319 So.2d 496 (La.App. 4th Cir.1975), writ denied, 323 So.2d 132 (La. 1975).

DECREE
For the foregoing reasons, the adjudication of delinquency and the disposition are affirmed.
AFFIRMED.
NOTES
[1] Counsel for Cox made a motion for credit for time served from the date of original detention (January 16, 1984), but the court denied it. Counsel for Cox then took a supervisory writ to this court from that ruling, which was denied on May 10, 1984. On June 8, 1984, the Louisiana Supreme Court granted a writ giving Cox credit for all time served. State in Interest of Cox, 450 So.2d 1318 (La.1984). The district court judgment was amended to reflect this ruling on June 12, 1984. On September 14, 1984, a request by the State for a rehearing on this ruling was denied. State in Interest of Cox, 456 So.2d 163 (La.1984).
[2] The State and Cox both argue this case under the Jackson standard.
[3] See the discussion about the distinction between questions of law and fact in the concurring opinion in State v. Ruple, 426 So.2d 249 (La.App. 1st Cir.1983).
[4] Since the evidence satisfies both standards of review, it is not necessary to answer the questions posed in this opinion. When we are confronted with a case where the result under Arceneaux is different than that under Jackson, we will be forced to decide.