707 So.2d 90 (1998)
Genevieve McVay Wife of/and Larry McVAY
v.
DELCHAMPS, INC., Selina McGovern, Mother of William Fife.
No. 97-CA-860.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1998.
*91 Steven C. D'Antoni, Cronvich, Wambsgans, and Michalczyk, Metairie, for Plaintiffs/Appellants Genevieve McVay, wife of/ and Larry McVay.
Geoffrey J. Orr, Frederick R. Campbell, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, for Defendant/Appellee Delchamps, Inc.
Before BOWES, WICKER and CANNELLA, JJ.
BOWES, Judge.
Plaintiff, Genevieve McVay ("McVay"), appeals a summary judgment of the district court dismissing her cause of action against defendant, Delchamps Inc. ("Delchamps"). For the following reasons, the denial of the motion for summary judgment is annulled and set aside, and the matter remanded for further proceedings.
Plaintiff filed suit in Jefferson Parish against Delchamps, as well as against defendant, Selina McGovern. The original petition alleged that plaintiff and her (unnamed) friend were in the parking lot of Delchamps when suddenly the minor child of defendant, McGovern, approached her friend with a gun and fired three shots at the friend while trying to steal her purse. McVay alleged that she was standing nearby and witnessed the entire event, and she feared for her life because she thought she would be shot next.
McVay alleged negligence and strict liability claims against Delchamps and averred that she suffered psychological injuries, asking *92 damages for past, present, and future mental anguish and future medical expenses.
A supplemental and amending petition was filed several months later, expanding the allegations and alleging that plaintiff and her friend were returning to their parked vehicle in the Delchamps' parking lot, and that McGovern's minor son "approached the parties with the intention of committing an armed robbery." The next paragraphs read:
IV
Upon reaching the vehicle, the armed robber pulled a weapon on the plaintiff and her friend.
V.
That as the plaintiff apprehensively moved away, toward the driver's side of the vehicle, the theft (sic) pointed the weapon at the parties and shot first at plaintiff's friend.
VI.
Plaintiff turned, in fear of loosing (sic) her life and as she turned, the armed robber fired again.
Plaintiff alleged that she lives in fear as a result of nearly being shot to death and further, that as a result of the assault, she suffered physical, mental and psychological injuries.
Appellee, Delchamps, filed an exception of no cause of action and an alternative motion for summary judgment. Delchamps urged that as no assault, nor any other criminal activity, was alleged to have been committed against plaintiff, there was no cause of action alleged.
Defendant further alleged that, according to her deposition, plaintiff was frightened because her friend was assaulted and that she could not show that any tort was committed against her. Plaintiff opposed the motion with relevant portions of her deposition, attempting to show that she was, indeed, assaulted. Those excerpts show that plaintiff testified she heard the robber order her friend to give him her purse and saw him lift the gun, and then saw the smoke when the gun was fired at her friend. After the shot was fired, the perpetrator made eye contact with her over the top of her car. She started running and screaming for help, turning around to see if she was going to be next; and as she was running away, the robber again made eye contact with her, and although she did not know if he pointed the gun at her, she expected that he would do so.
Following oral argument, the trial court granted summary judgment in favor of defendant Delchamps, dismissing plaintiff's case only against it. It is from this judgment that plaintiff appeals.
At this juncture we note that the record was designated by appellant and contains no further pleadings.

ANALYSIS
Act 483 of 1997, amended La.C.C.P. art. 966(C) to read as follows:
(C)(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
[Emphasis supplied].
Kaufmann v. Fleet Tire Service of La., Inc., 97-1428 (La. 9/5/97), 699 So.2d 75 indicates that the Supreme Court intends the new law be applied retroactively. See also Stewart v. ARA Leisure Services, Inc., 97-C-1926 *93 (La.App. 4 Cir. 10/29/97), 702 So.2d 75.
Under the statute, the movant continues to bear the burden of proof on the motion for summary judgment. In the present case, since plaintiff will bear the burden of proof at trial, the defendant/movant must make a prima facie showing that there is an absence of factual support for one or more elements essential to the plaintiff's case.
Appellate courts review summary judgments de novo under the same criteria that govern the trial judge's consideration of whether a summary judgment is appropriate. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342, 345 (La. 1991); Geo Consultants Intern. v. Professional Roofing and Const., Inc., 95-1016 (La. App. 5 Cir. 3/26/96), 672 So.2d 1002. A genuine issue of fact is an issue on which reasonable minds could disagree. If reasonable persons could reach only one conclusion based on the state of the evidence, a genuine issue does not remain. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 751; see also Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, 694, writ denied, 97-0281 (La. 3/14/97), 690 So.2d 41. A fact is "material" when its existence, or nonexistence, may be essential to plaintiff's cause of action under the applicable theory of recovery. Smith, supra.
To constitute an assault, threats, coupled with the present ability to carry out the threats, are sufficient when one is placed in reasonable apprehension of receiving an injury. Castiglione v. Galpin, 325 So.2d 725 (La.App. 4 Cir.1976); State in Interest of Cortez, 319 So.2d 496 (La.App. 4 Cir.1975); Muslow v. A.G. Edwards & Sons, Inc., 509 So.2d 1012 (La.App. 2 Cir.1987); Martin v. Bigner, 27,694 (La.App. 2 Cir. 12/6/95), 665 So.2d 709.
We find it clear from the pleadings and the portions of the deposition entered into the record that appellant was in reasonable apprehension of receiving an injury. The assailant had a gun which he pointed at the two women, plaintiff and her companion, who were walking within close proximity to one another. The very nature of the weapon itself gives rise to a reasonable apprehension of injury when aimed so near to one's person. Certainly, the fact that the perpetrator watched the appellant and made eye contact with her just after he shot at her companion and again, as she began to run away, would constitute a reasonable apprehension of receiving an injury and justifiable fear for her personal safety. We find that such circumstances would surely create fear of injury in the mind of an ordinarily prudent and careful person. Therefore, based on the record on appeal, we hold that appellant has alleged facts and offered deposition testimony which would constitute assault. Whether appellant suffered damages as a result thereof is a question of material fact.
Although plaintiff has alleged physical injury along with her mental injury, we note that there are Louisiana cases allowing damages for fright or nervous shock, without accompanying physical damage, where the plaintiff was actually in great fear for his personal safety. The Supreme Court, in Moresi v. State Through Dept. of Wildlife and Fisheries, 567 So.2d 1081 (La.1990), cited the following cases for this proposition: Pecoraro v. Kopanica, 173 So. 203 (La.App. 1937); Klein v. Medical Building Realty Co., Inc., 147 So. 122 (La.App.1933); Laird v. Natchitoches Oil Mill, Inc., 10 La.App. 191, 120 So. 692 (2 Cir.1929); and Cooper v. Christensen, 212 So.2d 154 (La.App. 4 Cir. 1968). In Moresi supra, the court found that these were cases in which the especial likelihood of genuine and serious mental distress, arising from special circumstances, served as a guarantee that the claim was not spurious. We feel that the circumstances of the present matter would clearly fall within that category.
Because we find that at least these abovestated questions of material fact do exist, summary judgment is not appropriate here. We note further that plaintiff still must prove the elements of a negligence action against Delchamps, i.e., a duty, a breach of duty, cause-in-fact, and damages in a hearing or trial. See e.g., Berry v. State Through Dept. of Health and Human Resources, 93-2748 (La. 5/23/94), 637 So.2d 412. Such determinations *94 must be based on facts which are not in the record on appeal.

DECREE
For the foregoing reasons the denial of the motion for summary judgment is annulled and set aside, and the matter remanded for further proceedings. Appellee is assessed with all costs of this appeal.
JUDGMENT GRANTING MOTION FOR SUMMARY JUDGMENT IS ANNULLED AND SET ASIDE AND CASE REMANDED.