*591 ON REHEARING
Before CIACCIO, LANIER and CLAIBORNE, JJ.[1]
PER CURIAM.
LThe Louisiana, Texas and Oklahoma plaintiffs-appellees, hereinafter referred to as the Receivers, have applied for a rehearing en banc and, in the alternative, a rehearing pursuant to Uniform Rules— Courts of Appeal Rules 1-5 and 2-18, respectively.

Rehearing En Banc

The Receivers assert that “Numerous important public policy matters that directly affect the regulation of insurance companies and their management are implicated by this decision” and that they are entitled to a rehearing en banc because it is “necessary to promote justice” as provided for in Rule 1-5.
Rule 1-5 specifies that “[w]hen authorized by law, or when the court deems it necessary to promote justice or expedite the business of court, the court may sit ... en banc.”[2]
The Receivers have failed to specify in their applications which issues raised involve “public policy matters that directly affect the regulation of insurance companies and their management” or delineate those issues from issues that only pertain to legal and factual issues pertinent to ordinary rehearings. Accordingly, we must try to determine from the “four corners” of their applications what are the “Numerous important public policy matters that directly affect the regulation of insurance companies and their management” whose rehearing en banc is “necessary to promote justice.”
[4In Gregor v. Argenot Great Central Ins. Co., 2002-1138, p. 8 (La.5/20/03), 851 So.2d 959, 965, the Louisiana Supreme Court discussed what constitutes “public policy” as follows,
Black’s [Law Dictionary (5th ed.1979)] at 1041 defines “public policy” as follows:
That principle of the law which holds that no subject can lawfully do that which has a tendency to be injurious to the public or against the public good. The principles under which the freedom of contract or private dealings is restricted by law for the good of the community. The term “policy,” as applied to a statute, regulation, rule of law, course of action, or the like, refers to its probable effect, tendency, or object, considered with reference to the social or political well-being of the state.
In MIRRIAM-WEBSTER’S [COLLEGIATE DICTIONARY (10th ed.1999)] at 901 the word “policy” is defined as “a definite course or method of action selected from among alternatives and in light of given conditions to guide and determine present and future decisions.” MIRRIAM-WEBSTER’S at 703 defines “making” as “the act or process of forming, causing, doing, or coming into being.” Thus, “policymak-ing” in the public sector means the planning of a course of action for the social or political well-being of the state. (Emphasis added.)
We have cited the pertinent constitutional provisions, statutory law, common law[3] *592 cases and administrative regulations that provided the public policies pursuant to which we decided the legal relations of the parties, the insurance issues, and the other issues raised herein. In their applications, the Receivers have cited no constitutional provision, statutory law, common law case or administrative regulation that modifies, or otherwise affects, the public policy rules we have cited and applied herein.
| ¿¡Most of the errors asserted by the Receivers involve questions of fact.[4] Fact issues involve evidence questions of credibility, weight and inference. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973); Jones v. Harris, 2004-0965, p. 15 (La.App. 4 Cir. 2/2/05), 896 So.2d 237, 246; State in the Interest of Cox, 461 So.2d 658, 660-61 (La.App. 1 Cir.1984), writ denied, 464 So.2d 1375 (La.1985). Questions of fact are not public policy issues of law. All actions contain questions of fact; however, all actions do not contain questions of law.
The Receivers have failed to show that numerous important public policy matters that directly affect the regulation of insurance companies and their management are implicated by this decision.
Accordingly, these applications for a rehearing en banc are denied.

Rehearing

In them applications for a rehearing, the Receivers refer to several exhibits and various isolated portions of witness testimony contained in the transcript. When considered in the context of the entire record, this evidence is not persuasive.
Accordingly, the applications for i'ehear-ing are denied.
COURT OF APPEAL, FIRST CIRCUIT STATE OF LOUISIANA
Re: 2006 CA 1140 C/W
2006 CA 1141 C/W
2006 CA 1142
and
2006 CA 1143 C/W
2006 CA 1144 C/W
2006 CA 1145
and
2006 CA 1158 C/W
2006 CA 1159 C/W
2006 CA 1160
and
2006 CA 1161 C/W
2006 CA 1162 C/W
2006 CA 1163
Wooley v. Lucksinger, et al.
19th Judicial District Court
Suit Number 499,737 c/w
509,297 c/w 512,366
On Application for Rehearing En banc Rehearing En banc Denied
On Application for Rehearing Rehearing Denied
/s/ Philip C. Ciaccio Judge Philip C. Ciaccio [1]
/s/ Walter I. Lanier, Jr. Judge Walter I. Lanier, Jr.[1]
/s/ Ian W. Claiborne Judge Ian W. Claiborne[1]

. The Receivers do not assert that they are entitled to a rehearing en banc as “authorized by law” or to “expedite the business of court.

 In some jurisdictions, common law jurisprudence is "authoritative” and is equivalent to statutory law. La. C.E. art. 202 A, Com- *592 mcnt (c). In Louisiana, jurisprudence is not ■ law. La. C.C. arts. 1, 2, 3, and 4.

. We are unable to determine whether the claim of the Receivers that the "FIDUCIARY DUTY ANALYSIS IS FLAWED” involves a question of law (public policy) or a question of fact. The Louisiana and Texas applications state, "Please refer to Oklahoma’s Application regarding [this! issue,” and the Oklahoma application states, "Please refer to Louisiana’s Application regarding this issue.”