McBRIDE, Judge.
Lionel J. Troxler, claiming to be the rightful holder of the office of Commissioner of Waterworks District No. 2, Parish of St. Charles, Louisiana, sought a writ of quo warranto against defendant, Milton J. Mongrue, directing him to show and declare by what authority or right he claims to hold and exercise the said office. Such writ was issued, and after a trial on the return date, it was made peremptory; defendant was ordered to vacate the office and to desist from further exercising the duties thereof; the judgment further decreed plaintiff to be entitled to said office, and the Board of Commissioners for said waterworks district was ordered to recognize and seat him. Defendant was granted a suspensive appeal from the judgment, and the matter is before us thereon.
The aforesaid waterworks district came into being in 1949 pursuant to LSA-R.S. 33:3811 et seq.; defendant Mongrue, under LSA-R.S. 33:3813, was appointed by the then Governor of Louisiana as an original commissioner. He has since held said office continuously under successive gubernatorial appointments, each appointive term being for five years, the last of which was made April 4, 1961.
The present Governor of Louisiana appointed plaintiff Troxler as commissioner of said Waterworks District No. 2 vice defendant Mongrue on August 27, 1964. Troxler possesses the required eligibility qualifications to hold the office; after taking, the prescribed oath, he presented himself at a meeting of the Board of Commissioners-of the Waterworks District and demanded unsuccessfully that his credentials be recognized and he be seated. This suit ensued.
Authority for the division of parishes into waterworks districts is found in LSA-R.S. 33:3811 et seq. LSA-R.S. 33:3813 provides in part:
“In the ordinance creating waterworks districts under this Chapter the police jury shall appoint three commissioners recommended in the petition for the creation of the districts. The other two commissioners shall be appointed by the governor upon the recommendation of the petitioners for the district. The said five commissioners shall, at their first meeting determine by lot their terms of office, which shall be respectively, one, two, three, four, and five years and they shall serve until their successors shall have been appointed and qualified. • All commissioners thereafter appointed, shall he appointed for terms of five years. [Italics ours.]
“Any vacancy which occurs by expiration or otherwise of any commissioner appointed by the police jury shall thereafter be filled by the police jury and any vacancy which occurs by expiration or otherwise of any commissioner appointed by the governor shall be filled by the governor.”
Prior to Troxler’s appointment, LSA-R.S. 33:3813 had been amended and reenacted on two occasions, the first time by Act 210 of 1954. The second amendment and reenactment was wrought by Act 229 of 1956. The only changes in the section were with reference to the filling of vacancies. Under Act 229 of 1956, the police *311 jury may fill its vacancies at its sole discretion, and the Governor was likewise authorized to fill his vacancies at his sole discretion.
The pith of appellant’s defense is that, whereas his last appointment was to a term of five years which had not expired, Trox-ler’s appointment was contrary to law, and he is entitled to hold the office despite the Governor’s action in appointing Troxler.
Troxler contends the Governor had the absolute and unqualified right to remove defendant and to appoint him in his place and stead, and that his appointment by Governor McKeithen worked such removal of defendant Mongrue.
Appellee argues that Governor McKcithen’s right to remove defendant and to appoint him flows from LSA-R.S. 42:4, which reads as follows:
“A. In all other cases, all public officers who are appointed by the Governor shall serve at the pleasure of the Governor. This Section shall not apply to officers appointed by the Governor upon recommendation or from lists submitted by others where the law requires appointments to be so made, nor to those whose terms of office are fixed by the constitution and those who are required by the constitution to be appointed with the advice and consent of the Senate.
“B. This Section shall not apply to the Louisiana State Board of Public Welfare, the Louisiana Merit System Council, the Board of Review and the State Advisory Council of the Division of Employment Security of the Louisiana Department of Labor. Acts 19S0, No. 68, § 3, as amended Acts 1950, 2nd Ex.Sess., No.-22, § 1.”
In State ex rel. Board of Com’rs, etc. v. Bergeron, 235 La. 879, 897, 106 So.2d 295, the question was whether the Governor could remove at pleasure commissioners of the Lake Borgne Levee District which was created by Act 14 of 1892 (now LSA-R.S. 38:1073) providing that “The commissioners shall hold their office for the term of four years, and until their successors are appointed and qualified.” This provision was changed by Act No. 386 of 1956 (LSA-R.S. 38:1071, subd. B) to provide that “The commissioners shall hold their offices at the pleasure of the Governor during the term of the governor appointing them, or until their successors are appointed and qualified.” Plaintiff claimed title to the office by virtue of LSA-R.S. 42:4 (§ 3, of Act 68 of 1950 as amended by Act 22 of 2nd Ex. Sess. of 1950) contending that thereunder the Governor could dismiss such officers and appoint their successors at his pleasure. The decision of the Supreme Court on rehearing advances two separate and distinct grounds upholding the right of the Governor to remove at his pleasure members of the Board of Lake Borgne Levee District. The first statutory basis for this authority was stated to be LSA-R.S. 42:4, the provisions of which, according to the court “clearly and unequivocally empower the Governor to remove at his pleasure any public officer, except those specifically excluded from its provisions. The offices in controversy are not to be found in these exceptions.” The phrase “except those specifically excluded from its provisions” considered in context, can be given no logical interpretation but that it means the only exceptions to LSA-R.S. 42:4 are those specifically named in LSA-R.S. 42:4 itself. The second separate and distinct statutory basis for the Governor’s authority to remove said officers at his pleasure was found by the Supreme Court to be in the provisions of LSA-R.S. 38:1071, subd. B, itself. Of course, the second ground has no application in the instant case.
The court said:
“Generally, the power of removal is incidental to the power of appointment, but this principle does not necessarily apply to the Governor of a state. Dubuc v. Voss, 19 La.Ann. 210. His power to remove officers appointed by him has to be conferred either by the *312 Constitution or by statute. Such authority is specifically granted the Governor by R.S. 42:4. The provisions of this section, which are copied in ex-tenso in footnote 3, clearly and unequivocally empower the Governor to remove at his pleasure any public officer, except those specifically excluded from its provisions. The offices in controversy are not to be found in these exceptions.
“Defendants’ contention that the Legislature by the very provisions of R.S. 38:1071, subd. B has fixed the term of office of the defendants to continue during the term of office of the Governor appointing them and until their successors are appointed and qualified is untenable in the face of the express and unequivocal provisions of R.S. 42:4.”
The ultimate result reached by the Supreme Court in State ex rel. Board of Com’rs, etc. v. Bergeron, supra, on rehearing, controls the issue under consideration, and the doctrine enunciated therein is binding upon us.
In Tritico v. Board of Commissioners of Lake Charles Harbor and Terminal District, 134 So.2d 401, (cert, denied) decided by the Court of Appeal, Third Circuit, it was held that LSA-R.S. 42:4, the effective date of which was subsequent to that of a special statute providing definite terms of office for commissioners of Lake Charles Harbor and Terminal District and providing that they could be removed only after written charges had been proved at a public hearing, prevails over such special statute and empowered the Governor to remove commissioners at his pleasure. The court thoroughly discussed and analyzed-the opinions (original and on rehearing) in State ex rel. Board of Com’rs, etc. v. Bergeron, supra.
In Tabor v. Siracusa, 135 So.2d 121 (Court of Appeal, First Circuit), it was held that the removal of a person appointed to fill a vacancy in the office of commissioner of a waterworks district and the appointment of another to said office was discretionary with the Governor under the provisions of LSA-R.S. 42:4.
We are not unmindful that LSA-R.S. 33:3813 was amended and reenacted twice after the effective date of LSA-R.S. 42:4. While the point has not been raised, we ask ourselves whether the fact that the legislature in both amendments and reenactments retained the language of the original section which provided for the five-year terms for commissioners is indicative that the legislature intended that, notwithstanding LSA-R.S. 42:4, the commissioners should serve the full term of five years? Do not the provisions of a subsequent special statute take precedence over and supersede those of a general statute on the same subject matter?
We think it is just the other way around in the instant case. The legislature must be held to have been cognizant of LSA-R.S 42:4, and when it retained in LSA-R.S. 33:3813 the language to the effect that the terms would be for five years, it did so with full realization of the Governor’s prerogative at any time during said term to remove the commissioners as they were serving at his pleasure under LSA-R.S. 42:4. If the lawmakers had intended that the commissioners of waterworks districts were to be excepted from the operation of the terms of LSA-R.S. 42:4, they would certainly have said so in appropriate language when amending and reenacting LSA-R.S. 33:3813. As matters now stand, if a Governor is satisfied to permit the appointee to remain in office for his full term of five years, the appointee could so remain, but if the Governor determined for any reason that he should not hold the office, for the full five years, then it was within the Governor’s power, under LSA-R.S. 42:4, to remove the appointee at any time by appointing his successor. The exception of certain officers from the provision of LSA-R.S. 42:4 means that the only exceptions to the Governor’s power of removal are those officers specifically named in LSA— *313 R.S. 42:4 itself. Commissioners of waterworks districts are not included.
Appellant argues that the 1964 amendment (Act No. 441) to LSA-R.S. 33:3813 in some way manifests a legislative interpretation of the section favorable to him. There is no room for admitting Act 441 of 1964 into the controversy herein for the simple reason said act has no retrospective force and, therefore, cannot he considered.
Appellee insists, in the alternative, that LSA-R.S. 42:4 is unconstitutional in that it is in direct conflict with Const.1921, Art. 9, §§ 1, 3, 6 and 9, LSA. The provisions of LSA-R.S. 42:4 are in nowise repugnant to any of said constitutional sections. Under said sections, an officer may he impeached, removed on address by the legislature, removed by suit, or may be recalled. The constitutional means of removing officers are not exclusive, and the legislature was not inhibited from adopting LSA-R.S. 42:4 which furnished a further ground for the removal of appointive officers not excepted therein.
For the reasons above assigned, the judgment appealed from is affirmed.
Affirmed.