275 So.2d 880 (1973)
Russell GIAMMANCO et al.
v.
Frank J. PIZZOLATO et al.
No. 5718.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1973.
Rehearing Denied May 1, 1973.
*881 Arthur G. Kingsmill, Gretna, for plaintiff-appellant.
Joel T. Chaisson, Luling, for defendant-appellee.
Before REGAN, SAMUEL and BOUTALL, JJ.
SAMUEL, Judge.
Plaintiffs, Russell Giammanco and Mack Rensberger, were duly appointed Commissioners of the St. Charles Hospital Service District #1 by the Police Jury of the Parish of St. Charles. Their terms expired, respectively, May 21, 1978 and May 21, 1974. On January 8, 1973, prior to the expiration of their terms and while they were serving as commissioners, the police jury removed plaintiffs from office and appointed A. J. Faucheaux and Frank J. Pizzolato to their commissioner positions. The Hospital Service Board consists of five members and the police jury action included appointment of a new board. Three new members were appointed and the two remaining members were reappointed.
Plaintiffs then filed this suit against the five newly appointed board members seeking a temporary restraining order and an injunction to prevent them from being inducted into office as commissioners and to *882 prevent them from conducting any business under the name of the hospital service district. The restraining order was granted.
Defendants answered seeking rejection of plaintiffs' suit with damages and attorney's fees and that Act 612 of 1972 (which amends and reenacts LSA-R.S. 46:1053) be declared unconstitutional only insofar as said act "purports" to require "cause for removal". Defendants also filed a reconventional demand seeking issuance of a writ of quo warranto to test plaintiffs' claims to office. A writ of quo warranto was issued.
As we understand an agreement entered into by the court and both counsel, the matters were heard on the issues of a final injunction and quo warranto so as to finally determine the right to office and end any need for further litigation. Following trial there was judgment denying the injunctive relief sought by plaintiffs, holding plaintiffs had been legally removed from office, making the writ of quo warranto peremptory, ordering plaintiffs to vacate their respective offices as commissioners, and ordering that defendants (plaintiffs in reconvention) be seated in said offices. The trial court did not reach the constitutional issue. Plaintiffs have appealed.
The facts are not in dispute. St. Charles Parish is divided into seven wards, three on the east bank of the Mississippi and four on the west bank. The governing authority of the parish consists of seven police jurors, one from each of its seven wards. The hospital service district in suit is located entirely on the west bank. Prior to the police jury action involved herein, all qualified voters and residents of the hospital service district could serve as members of the Board of Commissioners of the district[1] and, absent the question of removal, the jury was free to appoint as commissioners any qualified voters who resided anywhere within the district.
The reason given by the police jury for removing and replacing plaintiffs was that the police jurors wished to correct what they termed a geographic malapportionment so as to give each west bank ward representation, and also provide for police jury representation, on the board. Accordingly, by a vote of 4 to 3 the jury voted to reconstitute the board with one commissioner from each of the four west bank wards and a member of the police jury from the west bank as the fifth commissioner. Then, by a vote greater than two-thirds, the jury removed plaintiffs and appointed Faucheaux and Pizzolato in their stead. Another commissioner also was removed and replaced, but that matter is not before us.
It is plaintiffs' position that LSA-R.S. 46:1053, as amended by Act 612 of 1972, is the only legal authority for their removal and under that amending act they can be removed only by a two-thirds vote and for cause. In pertinent part Act 612 of 1972 provides:
"Any member of the commission may be removed from office for cause and his appointment rescinded by two-thirds vote of the elected membership of the parish governing authority which appointed him."
Defendants contend Act 612 of 1972 contemplates a two-thirds vote or cause or both and, in any event, that the act is not the only authority for removal of hospital service board members as the jury has additional removal powers under LSA-R.S. 33:1236(10), Constitutional Article 14, § 46A and, by analogy, the jurisprudence emanating from LSA-R.S. 42:4A. As has been pointed out, in the alternative and only insofar as it requires "cause for removal", defendants also argue Act 612 of 1972 is unconstitutional.
The above quoted portion of Act 612 of 1972 is clear and unambiguous. It does not require removal of a member of the commission; it permits such removal *883 by the parish governing authority if that authority desires to remove. But it permits removal only for cause and only then by a two-thirds vote of the elected membership of the authority. In the instant case, as there is no suggestion that the plaintiffs or either of them have given any cause for their removal, the requirements for removal under Act 612 of 1972 have not been met.
Nor are we impressed by defendants' contention that the jury had additional removal powers under LSA-R.S. 33:1236 (10), Constitutional Art. 14, § 46A and, by analogy, the jurisprudence emanating from LSA-R.S. 42:4A. Imprimis, we note it is inconceivable that the legislature could have required a two-thirds vote for removal for cause and at the same time permit removal without cause by a simple majority vote.
LSA-R.S. 33:1236(10) gives the police jury the power "To appoint all officers necessary to carry into execution the parish regulations, and to remove them from office." But LSA-R.S. 33:1236(10) is part of a statute concerned generally with police juries and the quoted provision has remained unchanged as a part of our law for many years. On the other hand Act 612 of 1972 is much more recent and is concerned only with hospital service district commissioners. Act 612 of 1972 therefore is controlling here. The provisions of a subsequent special statute take precedence over and supercede those of an earlier general statute.[2]
LSA-Const. Art. 14 § 46A is inapplicable. It simply gives a parish or municipal governing authority the right to abolish boards, commissions, agencies, etc. created by such authority. It is concerned with the abolishment of an entire board or other mentioned agency and not, as here, with the removal of board personnel.
As conceded by defendants LSA-R.S. 42:4A, per se, is inapplicable. It provides that, with certain stated exceptions, public officers appointed by the Governor serve at his pleasure. The particular jurisprudence involving that statute relied on by defendants is Troxler v. Mongrue, La.App., 175 So.2d 309. We find that case not apropos.
Troxler was concerned with a water works district commissioner appointed by the Governor. The contention was that as the basic water works district statute provided the appointment "shall be" for a term of five years, the Governor could not remove an appointee during the term for which he was appointed. The holding was that the Governor did have such authority. The distinguishing difference between Troxler and this case is that in Troxler there was no subsequent statute which provided for removal, while in the instant case a subsequent statute, Act 612 of 1972, does provide for removal.
We now address ourselves to the plea of unconstitutionality. It is based on the argument that Act 612 of 1972 violates LSA-Const. Art. 3 § 16[3] in that it is misleading because the act's title contains no reference to "cause" as is found in the body of the act.[4]
We conclude the argument is without merit. In our opinion the absence of the word "cause" from the title is not a violation of Article 3 § 16 which requires only that the title be indicative of the statute's object and not that the title be an index to, or as extensive as, the act. And the fact that the title contains the requirement *884 of a two-thirds vote, contrary to the general law which requires only a majority, certainly was indicative to the Legislature that a change was being made in the law insofar as hospital service districts were concerned.
For the reasons assigned, the judgment appealed from is annulled and reversed and it is now ordered that the writ of quo warranto be recalled and dismissed. It is further ordered that there be judgment in favor of plaintiffs, Russell Giammanco and Mack Rensberger, and against the defendants, Frank J. Pizzolato, P. J. Rogers, Jr., A. J. Faucheaux, Marty Robinson and Louis D. Keller, recognizing said plaintiffs as entitled to their offices as Commissioners of the St. Charles Hospital Service District #1 and restraining, enjoining and prohibiting two of the defendants, A. J. Faucheaux and Frank J. Pizzolato, from taking the commissioner offices now occupied by the plaintiffs; all costs to be paid by the defendants.
Reversed.
NOTES
[1] LSA-R.S. 46:1053 provides for a board of five commissioners, "who shall be qualified voters and residents of the district."
[2] Arata v. Louisiana Stadium and Exposition District, 254 La. 579, 225 So.2d 362; State v. Mejia, 250 La. 518, 197 So.2d 73; State v. St. John the Baptist Parish School Board, La.App., 135 So.2d 665; Hewitt v. Webster, La.App., 118 So.2d 688.
[3] In pertinent part LSA-Const. Art. 3 § 16 provides: "Every statute enacted by the Legislature shall embrace but one object, and shall have a title indicative of its object."
[4] The title of Act 612 of 1972, with the pertinent portion emphasized by us, reads: "To amend and reenact Section 1053 of Title 46 of the Louisiana Revised Statutes of 1950 relative to Hospital Service District Commissioners, qualification of members; appointment; vacancies; compensation, to authorize removal of commissioners of a hospital service district by two-thirds vote of the governing authority which appointed the commissioner."