361 So.2d 35 (1978)
Shelly BRASSEAUX et al., Plaintiffs-Appellees,
v.
VERMILION PARISH POLICE JURY, Defendant-Appellant.
No. 6536.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1978.
Rehearing Denied August 15, 1978.[*]
Writ Refused October 10, 1978.
*36 Broussard, Broussard & Moresi by Paul G. Moresi, Jr., Abbeville, for defendant-appellant.
Allen, Gooch & Bourgeois, Joel E. Gooch, Lafayette, for plaintiffs-appellees.
Before CULPEPPER, FORET and CUTRER, JJ.
CUTRER, Judge.
Plaintiffs, Shelly Brasseaux, Ralph Brasseaux, and Wade Chauvin, brought this action against defendant, Vermilion Parish Police Jury, seeking reinstatement as commissioners of the Prairie Gregg Drainage District and for payment of past due salaries. Prior to trial plaintiff Wade Chauvin died and his heirs were not substituted as parties plaintiff in the suit. A trial on the merits resulted in a judgment reinstating Shelly Brasseaux and Ralph Brasseaux as commissioners of the drainage district. The judgment further awarded each plaintiff compensation in the amount of $60 per month for a period of time between their removal and their reinstatement. Upon a denial of a motion for a new trial, defendant appealed. We affirm the judgment of the trial court for different reasons.
The issues before this court are the following:
I. What does the term "agency" encompass as contained in Article VI, § 15 of the Louisiana Constitution of 1974?
II. Does this section grant to local governing authorities the unlimited power to remove individual members of the agencies created under its authority?
The essential facts of this matter are not contested. The Prairie Gregg Drainage District was established by the Vermilion Parish Police Jury pursuant to Act 159 of 1902 and Act 317 of 1910. This district is a drainage district located solely within Vermilion Parish. In 1974, the plaintiffs were made commissioners of said district. On February 3, 1975, the defendant voted to remove the plaintiffs as commissioners and plaintiffs were duly notified of this decision. The action of the defendant, in removing plaintiffs from their positions, was not done pursuant to a petition of landowners owning a majority of the acreage within *37 the drainage district. Plaintiffs have received no remuneration relative to their former positions as commissioners of said district since their removal on February 3, 1975.

I.
Appellant contends that Article VI, § 15 of the 1974 Constitution applies to bodies such as the drainage district in question. The trial judge in his reasons for judgment stated that if the Constitutional Convention had intended for Article VI § 15 to apply to districts, it would have included the word "district" in that section since the word "district" was used in other sections in this particular article of the Constitution.
LSA-Const. 1974, article VI, § 15 provides:
"The governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency."
The source provision for the above article was Article XIV, § 46 of the 1921 Constitution.[1] Paragraph A of § 46 utilizes the terms "board", "commission", "agency", "district", "office", "government", or "any device whatever having governmental functions, power or authority" in describing those bodies created or established by governing authorities of a parish or municipality. In the last sentence of Paragraph A, the word "agency" is used twice to refer to the various enumerated bodies listed above. The Louisiana Constitution of 1974 does not specifically define the term "agency" as it is used in the article dealing with local government. See LSA-Const. 1974, art. VI, § 44. However, the discussion at the constitutional convention relative to the language of this section reflects that the term "agency" was intended to include special districts such as drainage, lighting, road, and hospital service districts. See State of Louisiana, Constitutional Convention of 1973, Verbatim Transcripts, Vol. XVIII, pp. 71-73 (56th day, September 28, 1973).
In interpreting the 1974 Constitution, the courts of this state have referred to the official proceedings and transcripts of the Constitutional Convention. See State, Through the Department of Highways v. Olinkraft, Inc., 350 So.2d 865 (La.1977); Davenport v. Hardy, 349 So.2d 858 (La. 1977); Hainkel v. Henry, 313 So.2d 577 (La.1975); and Gonzales v. Xerox Corporation, 320 So.2d 163, footnote 1 (La.1975).
*38 Based upon a review of the language contained in the similar article in the 1921 Constitution and the deliberations of the 1973 Constitutional Convention, we conclude that the term "agency" as used in Article VI, § 15 of the 1974 Constitution encompasses the same bodies as were enumerated in Article XIV, § 46 of the 1921 Constitution. Therefore, drainage districts such as the Prairie Gregg Drainage District would be included within the scope of this section.

II.
We next consider the question of whether Article VI, § 15 of the 1974 Constitution grants to local governing authorities the unlimited power to remove members of agencies created by them. The trial court did not address this issue upon a finding that the above section did not apply to districts. The trial judge did find that LSA-R.S. 38:1609[2] provided the only legal means for removing plaintiffs, and the requirements of this provision were not met by the defendant.
Appellant contends that the "general power" granted in Article VI, § 15 gives the local governing authorities the right of removal of members. Furthermore, appellant urges that the debates on this section establish that this grant of authority included the right of removal. It is the position of appellees that LSA-R.S. 38:1609 provides the only legal authority for their removal and since the provisions of this statute were not complied with, the appellees are entitled to be reinstated as commissioners of the drainage district.
Article XIV, § 46 of the 1921 Constitution added in 1966, stated that where the governing authority of the parish or municipality created or established any board, commission, etc., such governing authority was authorized to abolish these boards, commissions, etc. This provision was interpreted in the case of Giammanco v. Pizzolato, 275 So.2d 880 (La.App. 4th Cir. 1973), app. denied, 279 So.2d 690 (La.1973). The court was faced with the issue of whether Article XIV, § 46 A gave police juries the right to remove individual members of boards or agencies created by it. In that case, plaintiffs were removed from their positions as commissioners of a hospital service district before the end of their terms of office. The police jury asserted that this section gave police juries the power to remove these commissioners. The Fourth Circuit held that Article XIV, § 46 A simply gave a parish or municipal governing authority the right to abolish boards, commissions, agencies, etc., created by it. The court stated that this section was concerned with the abolishment of an entire board or agency and not with the removal of individual board personnel. The Louisiana Supreme Court denied defendant's application for writs stating that there was no error of law. Both decisions were rendered prior to the 1973 Constitutional Convention debates on Article VI, § 15.
The official journal of the Constitutional Convention of 1973 reveals that Art. VI, § 15 [3] as originally reported out of committee reads as follows:
"(A) In addition to any other powers granted by the legislature, the governing authority of a local governmental subdivision shall have the following discretionary powers over any agency heretofore or hereafter created by it: (1) to appoint and remove members of the governing body of the agency; (2) to exercise budgetary *39 and fiscal control over the agency, including the power to modify or veto its operating budget, veto or reduce line items, or substitute a different budget therefor; (3) to abolish the governing body of the agency and substitute itself therefor, with authority to exercise all of its powers and perform all of its functions; and (4) to abolish the agency if the obligations or indebtedness of the agency are not thereby impaired.
"(B) No such agency shall have authority to levy a tax, impose any charge, or issue bonds unless the proposal therefor is first approved by the governing authority of the local governmental subdivision, and the requirements of this constitution and applicable laws relative to the levy of taxes and the issuance of bonds are complied with. However, after such original approval is granted no further approval shall be required.
"(C) If the creation of the agency required the concurrence of two or more local governmental subdivisions, concurrence of all of them shall be required for the exercise of the above powers." (Emphasis supplied)
The above proposal was amended on the floor of the convention and the provision granting the power of removal was deleted. See Official Journal of the Proceedings of the Constitutional Convention of 1973 of the State of Louisiana, Vol. I, pp. 5-7 (56th day, September 28, 1973). The final language of Article VI, § 15 states in pertinent part that these governing authorities "shall have general power over any agency . . . including, without limitation, the power to abolish any such agency and to require prior approval of any charge or tax levied, or bond issued by such agency."[4]
When a provision of a previous Constitution, which has been interpreted and acquired a fixed meaning, is incorporated into a new Constitution with only slight modifications in verbiage, it should be understood as having been incorporated with the meaning which the jurisprudence has attached to it. The State of Louisiana ex rel. DaPonte v. The Board of Assessors, 35 La.Ann. 651 (La.1883); State v. Glenn, 153 La. 147, 95 So. 534 (La.1923); Kuhn v. Louisiana Highway Commission, 174 La. 990, 142 So. 149 (La.1932).
The language of Art. XIV, § 46 A of the 1921 Constitution, authorizing the right to abolish, has been interpreted as not giving local governing authorities the right to remove individual members of agencies. Giammanco v. Pizzolato, supra. The right of removal was originally inserted into committee version of Art. VI, § 15 of the 1973 Constitutional Convention. The committee proposal was amended, however, and the language authorizing the right of removal was deleted. In view of these circumstances, we conclude that the interpretation of the Giammanco case controls in this situation. The right to abolish an agency does not include the power to remove individual members. We do not feel that the insertion of the words "general power", after deleting the power to remove, had the effect of changing the interpretation reached in Giammanco, supra.
In the present case the defendant admittedly did not comply with the provisions of LSA-R.S. 38:1609 relative to the removal of commissioners. Since we hold that Article VI, § 15 did not grant defendant the unlimited power to remove members of bodies created by it, the plaintiffs are entitled to be reinstated as commissioners of the Prairie Gregg Drainage District.
For the above reasons, the judgment of the trial court reinstating plaintiffs as commissioners of the drainage district and ordering *40 compensation is affirmed. Costs of this appeal are assessed to defendant-appellant.
AFFIRMED.
NOTES
[*] Foret, J., voted to grant a rehearing.
[1] "A. In any case where the governing authority of any parish or municipality shall have created or established, or shall hereafter create or establish, any board, commission, agency, district, office, government, or any device whatever having governmental functions, power or authority, such governing authority is hereby authorized to abolish same, and where the creation or establishment required the concurrence of two or more governing authorities, the concurrence of all of them shall be necessary to exercise the authority afforded by this Section; provided, that where any indebtedness of any such board, commission, agency, district, office, government, or any device whatever having governmental functions, is outstanding, the authority herein provided shall not be exercised until provision is made for the assumption of such indebtedness in the manner provided by law. All appointments to the Board of Commissioners of each such agency, whether presently or hereafter created shall be made by the parochial or municipal governing authority or authorities which created said agency.

"B. In any case where the governing authority of any parish or municipality shall have created or established, or shall hereafter create or establish, any board, commission, agency, district, office, government or any device whatever having governmental functions, power or authority, such governing authority is hereby authorized to provide appropriate budgetary and fiscal controls over said agency or creature. Budgetary and fiscal control shall include, but not be limited to, approval of operating budgets with the right to veto or reduce line items. In addition, no such agency or creature shall exercise any power or authority to submit to the people any proposal to levy any tax or issue any bonds unless the proposal therefor first has been submitted to and been approved by the governing authority of the parish or municipality, as the case may be. The governing authority of the parish or municipality shall exercise such other budgetary and fiscal controls as are necessary and proper to ensure the maximum feasible coordination of government on the local level."
[2] "Any commissioner of a drainage district may be removed for cause by the police jury appointing the commissioner, upon petition of landowners owning a majority of the acreage in the district. The police jury shall without delay appoint a commissioner to fill the unexpired term of the one so removed, and the appointment shall be made in the manner provided in R.S. 38:1608. Failure or refusal of a commissioner to perform any or all of the duties prescribed by this Part, or his ceasing to possess the qualifications prescribed in R.S. 38:1607, or incompetency, dishonesty, or favoritism on the part of a commissioner, shall be good cause for removal. A commissioner shall always have the right to have the court pass upon the legality of his removal."
[3] Art. VI, § 15 was derived from committee proposal 17, section 17.
[4] An examination of the debate on this section reveals that one of the sponsors of the amendment to the section felt that the language contained in the present section covered the right to appoint and remove members which right was specified in the original committee proposal. However, he later states that the right of removal was included in Article XIV, § 46 of the 1921 Constitution. Apparently the person expressing this opinion was not considering the Giammanco opinion which had been rendered a few months before the convention. See State of Louisiana, Constitutional Convention of 1973, Verbatim Transcripts, Vol. XVIII, pp. 82-83 (56th day, September 28, 1973).