Dear Mr. Book:
In sum, you have asked whether the Catahoula Parish Police Jury or the Board of Commissioners of Catahoula Parish Hospital Service District No. 1 is the legal governing body of said hospital service district. We think Attorney General's Opinion No. 91-27 has already answered this question and confirms that the board of commissioners of the district is clearly in charge of the district, the district's hospital, and the district's assets, including the hospital building.
We are enclosing a copy of that opinion for your reference. We are also enclosing a copy of Attorney General's Opinions Nos. 89-495, 90-52, and 89-410, which are cited and relied upon in Attorney General's Opinion No. 91-27.
While your specific question is answered by this previous opinion, your letter to us includes circumstances which properly invoke further discussion. Attorney General's Opinion No. 91-27 refers to Art. VI, § 15, of the Louisiana Constitution (1974) and concedes the possibility that the police jury may have the authority to intercede in the affairs of the district "to protect the public interest should the duly appointed hospital commissioners default or fail to fulfill their responsibilities as established by the laws enacted by the legislature for the guidance of hospital service districts." R.S. 46:1052 and 1055(A) appear to obligate the board to fulfill the very purpose and object of having a hospital service district in the first place — to operate a hospital and provide hospital and medical care to persons suffering from hospital-required illnesses and disabilities in the district. In this regard, your letter reports that the Catahoula Parish Hospital closed down in 1987, that the board, ever since, has been merely overseeing outstanding debts of the district, that the hospital is still vacant, but that the police jury, in the meantime, has endeavored to find and may have found prospective medical care providers who are willing to lease space in order to provide medical services to the community.
There appear to be no reported cases construing the "general power" provision of Art. VI, § 15, of the Louisiana Constitution (1974) with respect to an attempt by a police jury to intercede in the affairs of a hospital service district in order to itself fulfill the statutory responsibilities of the district's board of commissioners on the ground that such board was in default of fulfilling them. Because our previous opinion mentioned the possibility, we feel constrained here to caution that such a move at this point of legal development is extremely precarious and could encounter severe pitfalls.
The language of our constitutional Art. VI, § 15, derives from a floor amendment by delegates Duval, Kean and Pugh to Section 17 of Committee Proposal 17 at the Constitutional Convention of 1973 (CC '73). See I Records of the Louisiana Constitutional Convention of 1973 (hereinafter simply "Records"): Journal of Proceedings, 56th Day's Proceedings, p. 548 and VII Records: Convention Transcripts, 56th Days Proceedings, pp. [1504]-[1505]. In explaining and urging adoption of the amendment, delegate Kean stated:
 "In my opinion, Section 17 as presented in the amendment covers all of the acts that are covered in Section 17(A), (B), and (C) of the committee proposal, and would be adequate to protect the governing authority of these particular municipalities and parishes in dealing with agencies created by them."
VII Records, op. cit., p. [1504]. And Section 17(A)(3) of the committee proposal included the power "to abolish the governing body of the agency and to substitute itself therefor, with authority to exercise all of its powers and perform all of its functions." IV Records: Convention Instruments, Committee Proposal 17 (engrossed), pp. [192]-[193]. However, it was subsequently held in the case of Brasseaux v. Vermilion Parish Police Jury, 361 So.2d 35 (La.App. 3rd Cir. 1978) writ den.363 So.2d 535 that the "general power" provision did not expand the powers of a police jury beyond what was already contained in the 1921 Constitution and, therefore, did not give a police jury the right, for example, to remove individual members of agencies.
In explaining the committee proposal section presented to the delegates, delegate Lanier indicated how the genesis of the provision was in Act 546 of the 1966 Regular Session, which was the vehicle for the adoption of § 46 to Article XIV of the 1921 Constitution and which was intended to overrule the approach taken in Washington Parish Police Jury v. Washington Parish Hospital Service District No. 1, 152 So.2d 362 (La.App. 1st Cir. 1963) writ ref. 244 La. 669, 153 So.2d 883 insofar as that case held, in accordance with then express statutory provisions, that a police jury was powerless to abolish a hospital service district that the police jury itself had created. VII Records: Convention Transcripts, op. cit., pp. [1501]-[1502]. The purpose of the CC '73 committee proposal, according to delegate Lanier, was to give elected officials on police juries and municipal governing boards the authority to cause appointees of special district boards and commissions to be responsive to citizen complaints and the public's needs. Id.
Hospital service districts were expressly mentioned by delegate Lanier. Subsequent questioning by delegate Jenkins prior to the Gravel Amendment [which failed] might have cast doubt that the word agency would actually reach political subdivisions such as hospital service districts. Id., at p. [1502]. However, the Brasseaux case, supra, later explained that the word agency did include such districts.
The rejection of a later Jenkins amendment which would have empowered police juries to reverse or modify any decisions of such agencies would seem to signify that it was not the intention of CC '73 to authorize oversight by police juries of the day-to-day operations of them. Id., at pp. [1501]-[1506].
While a police jury might attempt to exercise an intercession or take-over of a hospital service district by adopting a resolution formally declaring the board of commissioners to be in default of its statutory responsibilities, it would seem more prudent and definitive to first obtain a declaratory judgment so stating from a court of law having jurisdiction over the district. Without a court judgment recognizing such a power in the police jury, the police jury's authority to effect such an act in a given case will remain in doubt.
An alternative might be for the police jury to consolidate and merge the hospital service district into the parish proper pursuant to Art. VI, § 16 La. Const'n (1974). Such a move requires approval of the voters at a referendum, but then the police jury's authority would seem to be clear.
Another reason for obtaining a court judgment or an Art. VI, § 16, referendum to clarify the police jury's authority is that medical providers will likely be advised by their lawyers not to obligate themselves through contracts with the police jury, until and unless the policy jury's authority to make such contracts in lieu of the board of commissioners is made certain and definitive.
Trusting this opinion has fully answered your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: THOMAS S. HALLIGAN Assistant Attorney General
RPI/TSH/bb Enclosure
0868f