Dear Mr. Wilson:
This office is in receipt of your request for an opinion of the Attorney General on dual officeholding. You question the legality of a Parish Council Member serving as a member of the Lafourche Parish Communications District.
Under the R.S. 42:63 a person holding an elective office in a political subdivision, which would be a council member, cannot hold another elective office or full-time appointive office in the government of a political subdivision. Since the position on the Board for the Communications District is only a part-time appointive office, that prohibition is not applicable.
However, R.S. 42:64 sets forth further prohibitions of incompatible offices by prohibiting the same person who is incumbent of one office, whether or not in conjunction with fellow officers, who has the power to appoint or remove the incumbent of the other from holding that office. However, there is an exception "that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers."
In Atty. Gen. Op. No. 89-273 it was stated, "Although members are appointed to the 911 Commission by the governing authority, the governing authority would not exercise general powers over the commission", and it was found members of the police jury may not be appointed by the police jury to 911 Commission.
R.S. 33:9101 provides the governing authority of any parish may by ordinance create communications districts which are recognized as political subdivisions, and under R.S. 33:9103, after created, the governing authority may appoint a board of commissioners, or in lieu of appointing a commission, shall assume the powers and duties of the board of commissioners. It would seem that it was reasoned in Atty. Gen. Op. No. 89-273 that under this provision once a commission is appointed, the governing authority does not exercise general powers over the communication district, and therefore, does not fall within the exception.
However, we agree with your conclusion that this fails to recognize Art. 6, Sec. 15 La. Const., which declares the governing authority of a local governmental subdivision shall have general power over any agency created by it, including the power to abolish the agency, and the word "agency" includes boards and commissions. Brasseaux v. Vermilion Parish Police Jury, 361 So.2d 35 (La.App. 1978).
We find support for this conclusion by the provisions of R.S.33:9108 which requires the parish governing authority creating the communication district to defend, indemnify and hold harmless the district and its board members. It would seen inconsistent to have this requirement and not conclude the governing authority has general powers over the communication district.
Therefore, we would find no prohibition against a parish council member serving on the Board for the Lafourche Parish Communication District, and would overrule any earlier opinion to the contrary.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR