Dear Mayor Edwards,
This office in receipt of your opinion request dated October 31, 1995, in which you present issues relative to Catahoula Parish Hospital Service District No. 1. For convenience, I have discussed the issues in the following order:
 1. Who owns the hospital and under what authority can the Hospital Service District lease the hospital to third parties?
 2. Can a Hospital Board of Commissioners enter into a lease agreement without notice by publication to the public?
 3. If the District has a lease on the property, what are the terms of the lease and is that lease valid?
Louisiana police juries are authorized to form and create hospital service districts by LSA-R.S. 46:1051. One of the objects and purposes of such hospital service districts is to "own and operate hospitals for the care of persons suffering from illnesses or disabilities which require that patients receive hospital care." LSA-R.S. 46:1052(1). This office has previously interpreted this provision to indicate that the Hospital Service District, not the Police Jury, owns and operates the facilities. Opinion 91-27.
Hospital service districts are governed by a board of commissioners as provided in LSA-R.S. 46:1053. This provision has been interpreted to allow that only the duly appointed board of commissioners of a hospital service district may operate, manage, and control the assets of the district. Opinion 91-27; e.g. Giamanco v. Pizzolato, 275 So.2d 880 (La.App. 4 Cir. 1973).
Article VI, § 15 of the Louisiana Constitution (1974) provides additional authority for this conclusion and reads:
 The governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency.
The authority to enter into a facilities lease agreement is provided by LSA-R.S. 46:1074 which provides:
 In addition to the powers and duties otherwise provided and notwithstanding the provisions of R.S. 41:1211, et seq. or any other law to the contrary, a hospital service district commission and any health facility it owns or operates may acquire, construct, and maintain medical office buildings and facilities and may negotiate the lease of such medical office buildings and facilities or portions thereof provided the lease rental shall be sufficient to recoup over a period of twenty years the capital investment of such hospital service district commission or that of any health facility it owns or operates. Such contract of lease may provide for uniform, staggered, or indexed rental payments, but no balloon rental payments shall be allowed.
This office has previously stated that LSA-R.S. 46:1074 is special legislation which derogates from the general public leasing law and allows for privately negotiated leases by hospital service districts. Opinions 92-821; 89-519(A). Consequently, hospital service districts may negotiate a lease of a medical office building or facility owned by them in accord with LSA-R.S. 46:1074 without necessity of compliance with the public lease law. Id.
Finally, you ask what the terms of the lease entered into by the District are and whether that lease is valid at this time. It is not the function of this office to interpret and determine the validity of leases entered into by hospital service districts and private entities. We suggest that you contact your advising attorney concerning this matter.
In conclusion, the board of commissioners operates, controls, and manages the assets of the Catahoula Parish Hospital Service District No. 1 and may lease the hospital as authorized by LSA-R.S. 46:1074. This same provision removes the board of commissioners from public leasing law requirements in arranging for such a lease.
I trust this adequately answers your questions. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CARLOS M. FINALET, III
Assistant Attorney General
Date Received:
Date Released:
Carlos M. Finalet, III Assistant Attorney General