Dear Mr. Jaques:
Reference is made to your letter of September 9, 1983 requesting "clarification with respect to the authority of a police jury to require public library boards to submit quarterly financial reports and annual budgets when the administration of and accounting functions for library funds have been transferred by legislation from the police jury to the library boards". In particular you refer to a resolution adopted by the Morehouse Parish Police Jury requesting the library board to submit quarterly reports and its annual budget for review. In your letter you cite several opinions which "indicate that police juries have never had the authority to approve or disapprove a library budget". The opinions cited, Opinions 76-1843, 77-37 and 78-553, will be dealt with later in this opinion, as well as Opinion 82-1026, which evidently precipitated the Morehouse resolution.
In order to place this matter in the proper perspective, it may be best to first summarize the laws relating to parishes, parish libraries, library boards of control and their functions and powers. A parish is a political subdivision of the State authorized to perform governmental functions. La. Const. Art. 6, § 44 (2). Except as otherwise provided under a home rule charter, the governing authority which exercises the legislative functions of a parish is the police jury. The governing authority (police jury) has such powers as are authorized by the Constitution or by law. La. Const. Art. 6, § 7. The majority of the powers conferred on a police jury are found in R.S. 33:1236. Additional powers are granted in various titles of the revised statutes.
The legislature, by general law, may authorize the creation (inter alia) of special districts and boards, define their powers and grant to such special districts and boards such rights, powers and authorities as it deems proper. La. Const. Art. 6, § 19. The creation of local libraries by parishes is found in R.S. 25:211
to 223, inclusive.
R.S. 25:211 grants power to a parish or municipal corporation to "create, establish, equip, maintain, operate and support a public library in such parish or municipality". The public library for a parish is created by the adoption of an ordinance regularly passed and adopted by the police jury of the parish. R.S. 25:212. The governing authority of a local governmental subdivision [parish or municipality) has general power over any agency created by it. La. Const. Art. 6, § 15. "The term `agency', as used in Article VI, § 15 of the 1974 Constitution encompasses the same bodies as were enumerated in Article XIV, § 46 of the 1921 Constitution." Brasseaux v. Vermilion Parish Police Jury, App. 1978, 361 So.2d 35, writ denied 363 So.2d 535. "Paragraph A. of § 46 utilized the terms `board', `commission', `agency', `district', `office', `government', or `any device whatever having governmental functions, power or authority' in describing those bodies created or established by governing authorities of a parish or municipality." Id.
R.S. 25:214 (B) requires the parish, in the ordinance creating the public library, to name and appoint five to seven citizens of the parish as a board of control for such library. The board has the following duties and powers as specifically set forth in R.S. 25:215 (A):
 1. to establish rules and regulations for its own government and that of the library not inconsistent with law;
 2. to elect and employ a librarian, to employ assistant librarians and other employees and fix their salaries and compensation.
R.S. 25:216 provides, in part, that the governing authority of the parish may require reports annually or quarterly, or both, of the board or its president.
Under R.S. 25:213, the police jury may issue bonds and levy taxes as provided by law for the purpose of acquiring sites or erecting buildings thereon or additions thereto, including furniture, fixtures and equipment for public libraries.
In order to provide funds for the maintenance and support of the public library and its branches, the parish may levy a special ad valorem tax, subject to prior voter approval. R.S.25:217. The expenses and costs of maintenance of a public library, including the salaries of librarians, assistants and other employees, as well as all other incidental expenses "shall be paid monthly by the governing authority establishing the library upon approval of such expenses and maintenance costs by the board of control of such library, out of the funds specially budgeted from the general fund for library purposes and, in default thereof, out of the special taxes voted, levied and collected by the governing authority for the library's support and maintenance." R.S. 25:220.
Contrary to certain conclusions stated in Opinions 77-37 and 82-1026, a parish library board of control is not a "special district" or a "creature of the legislature". It is an agency of the parish, created by the governing authority of the parish pursuant to authority granted by the legislature for the purpose of operating and administering the parish library system on behalf of the police jury. Nowhere in the aforementioned statutes is the board designated as a corporate body or body politic, nor is it granted such other powers usually associated with political subdivisions including, by way of illustration, the power to sue and be sued, the power to incur debt and issue bonds, the power to contract, the power to levy taxes, the power to adopt ordinances, etc. In fact, the board's powers are limited solely to the adoption of rules andregulations for its own government and that of the library, and also the election and employment of certain personnel. "Rules and regulations relating to its own government and that of the library" indicate such rules and regulations necessary for the conduct of board meetings, establishment of library hours, circulation and lending policies, acquisition of new books, fines for overdue books, educational programs, and such other internal matters usually associated with the operation of a library, and which can best be handled by the board as an instument of and on behalf of the police jury.
It should be noted that R.S. 25:215 (B) transfers the administration and accounting functions of the St. John the Baptist Parish Library Fund from the Police Jury to the St. John the Baptist Library Board of Control, and R.S. 25:215 (C) transfers the administration of and accounting functions for funds of the Morehouse Parish Library from the Police Jury to the Morehouse Library Board of Control. The purposes of Paragraphs (B) and (C), as we appreciate them, are to alleviate the burden of the police juries of St. John the Baptist and Morehouse Parishes in the routine check-writing and accounting functions of library funds legally imposed by R.S. 25:220
and to transfer such functions to the respective parish library boards. Said paragraphs express no legislative intent to establish such library boards of control as separate and distinct political subdivisions or districts.
With respect to the preparation of budgets, we refer to the Louisiana Local Government Budget Act found in R.S. 39:1301 to 1316, inclusive. This Act applies to all political subdivisions of the State with a proposed budget containing proposed expenditures totalling $250,000 or more, and sets forth minimal requirements for financial planning and budgeting practices.
Under R.S. 39:1302 (1) a "political subdivision" means "a parish; municipality; school board; special district created pursuant to and under the authority of Section 19 of Article VI of the Louisiana Constitution of 1974; registrar of voters; independently elected parish offices, including the office of assessor, clerk of district court, coroner, district attorney and sheriff."
R.S. 39:1304 requires each political subdivision to prepare a comprehensive budget presenting a complete financial plan for the ensuing fiscal year. It requires that the budget document include, among other financial data, a statement of projected revenues and receipts, itemized by source and a statement of projected expenditures, itemized by agency, department or organizational unit, showing the amounts for each major function, program or service, or both.
Referring to your statement that police juries have never had any authority to approve or disapprove a library budget, we direct you to Article XIV, § 46 of the Constitution of the State of Louisiana for the year 1921, which stated in paragraph B. as follows:
 "B. In any case where the governing authority of any parish or municipality shall have created or established, or shall hereafter create or establish, any board, commission, agency, district, office, government or any device whatever having governmental functions, power of authority, such governing authority is hereby authorized to provide appropriate budgetary and fiscal controls over said agency or creature. Budgetary and fiscal control shall include, but not be limited to approval of operating budgets with the right to veto or reduce line-items. . . ." (Emphasis added)
Until the effective date of the 1974 Constitution, a police jury, as creator of a parish library board of control, had specific budgetary and fiscal control over said agency under the 1921 Constitution.
Article 6, § 15, of the 1974 Constitution, which derives its source from Article XIV, § 46, does not specifically grant similar budgetary and fiscal control, but grants "general power over any agency created by it". We are of the opinion that included among such general powers of a police jury is the power to require its library board of control to submit proposed budgets and statements of expenditures in accordance with the "Local Government Budget Act". It seems reasonable to assume that the police jury which has responsibility for providing funds for capital improvements and the operation and maintenance of the library system, which is composed of members elected by and answerable to the voters and which is duty-bound to protect the public fisc, should have the right to exercise budgetary control over the library board of control. A reading of Opinions 76-1843 and 78-553, to which you referred in your letter, reveals no conclusions were made with respect to police jury authority over library budgets: Opinion 76-1843 related to the employment and discharge of librarians; Opinion 78-553 related to control of self-generated revenue of the library.
To summarize the foregoing, we are of the opinion with respect to parish library boards of control, including the boards of St. John the Baptist and Morehouse Parishes, that:
 1. a parish library board of control is not a separate political subdivision or district, but is an agency of the parish;
 2. the governing authority of a parish has general power over the library board of control, under the provisions of Article 6, § 15 of the Louisiana Constitution of 1974;
 3. the governing authority of a parish has among its general powers the power to require a library board of control to submit financial data necessary for the preparation of a budget under the Local Government Budget Act;
 4. the governing authority of a parish may require annual or quarterly reports pursuant to R.S. 25:216; and
 5. a library board of control is not a political subdivision under and subject to the Local Government Budget Act, and is not independent of budgetary control by the governing authority of the parish.
To the extent that the conclusions reached in Opinions 77-37 and 82-1026 are inconsistent herewith, such opinions are hereby rescinded.
We hope that the foregoing clarifies the law relating to parish library boards of control, which boards and their employees unselfishly dedicate their time and efforts to serve the citizens of this state and provide invaluable benefits.
If we may be of any further assistance, please do not hesitate to call the undersigned.
Yours very truly,
 WILLIAM J. GUSTE, JR. Attorney General
 By: __________________________ GUNTHER R. MICHAELIS Assistant Attorney General
GRM:ab