Dear Mr. Speed:
This office is in receipt of your request for an opinion of the Attorney General as to the ability of the Tangipahoa Parish Council-President Government to appoint its own members to serve on the Tangipahoa Parish Communications District Number One Board. In connection with your request you have provided me with an opinion letter from your office to Mr. Carlo Bruno of the Tangipahoa Parish Council, a copy of the Tangipahoa Parish Home Rule Charter and a copy of Attorney General Opinion 94-81, (attached).
Under the provisions of LA R.S. 33:9101, the governing authority of any parish may by ordinance create communication districts within the parish. Section 9101 also provides that any district created in accordance with the provisions of the section shall be a political and legal subdivision of the state.
LA R.S. 33:9103 provides in pertinent part:
 A. (1)(a) When any district is created wholly within a single parish, the parish governing authority creating it may appoint a board of commissioners composed of seven members to govern its affairs and shall fix the domicile of the board at any point within the parish. The members of the board shall be qualified electors of the district, two of whom shall be appointed for terms of two years, three for terms of three years and two for terms of four years, dating from the date of the adoption of the ordinance creating the district. Thereafter, all appointments of the members shall be for terms of four years.
Section 2-06C of the Home Rule Charter for Tangipahoa Parish states, "No Council member shall serve on a parish board or commission having administrative or policy making authority unless the ordinance or state law creating such board or commission specifies that one or more members of the council shall serve on such board or commission." In the opinion provided by your office, you advise that Section 2-06 prohibits Tangipahoa Parish Council members from serving on a parish board or commission.
You interpret the provision to mean that if the parish government creates a board or commission, such members may not serve on such board or commission.
As mentioned above, in Section 9101, the district, once created by the governing authority, becomes a political and legal subdivision of the state not the parish. Our office would interpret Section 2-06C to prohibit only appointments to local political subdivisions. Additionally, LA R.S. 42:64 provides in pertinent part, " local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana."
While Attorney General Opinion 94-81 deals with dual office holding, it is the opinion of this office that it applies to the case at hand. We have enclosed a copy for your review.
Our office therefore concludes that there is no prohibition against Tangipahoa Parish Council members serving on the board of the Tangipahoa Parish Communication District. We hope this will sufficiently answer your questions, but if we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB, Jr.:mjb
Date Released: May 9, 2002
Enclosure
OPINION NUMBER 94-81
RELEASED APRIL 13, 1994
78 — OFFICERS — Dual officeholding R.S. 42:64, R.S. 33:9101 et seq.
A parish council member may be appointed to the Parish Communications District Board.
Mr. Steven D. Wilson Lafourche Parish President P.O. Drawer 5548 Thibodaux, LA 70302
Dear Mr. Wilson:
This office is in receipt of your request for an opinion of the Attorney General on dual officeholding. You question the legality of a Parish Council Member serving as a member of the Lafourche Parish Communications District.
Under the R.S. 42:63 a person holding an elective office in a political subdivision, which would be a council member, cannot hold another elective office or full-time appointive office in the government of a political subdivision. Since the position on the Board for the Communications District is only a part-time appointive office, that prohibition is not applicable.
However, R.S. 42:64 sets forth further prohibitions of incompatible offices by prohibiting the same person who is incumbent of one office, whether or not in conjunction with fellow officers, who has the power to appoint or remove the incumbent of the other from holding that office. However, there is an exception "that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers."
In Atty. Gen. Op. No. 89-273 it was stated, "Although members are appointed to the 911 Commission by the governing authority, the governing authority would not exercise general powers over the commission", and it was found members of the police jury may not be appointed by the police jury to 911 Commission.
R.S. 33:9101 provides the governing authority of any parish may by ordinance create communications districts which are recognized as political subdivisions, and under R.S. 33:9103, after created, the governing authority may appoint a board of commissioners, or in lieu of appointing a commission, shall assume the powers and duties of the board of commissioners. It would seem that it was reasoned in Atty. Gen. Op. No. 89-273 that under this provision once a commission is appointed, the governing authority does not exercise general powers over the communication district, and therefore, does not fall within the exception.
However, we agree with your conclusion that this fails to recognize Art.6, Sec. 15 La. Const., which declares the governing authority of a local governmental subdivision shall have general power over any agency created by it, including the power to abolish the agency, and the word "agency" includes boards and commissions. Brasseaux v. Vermilion Parish Police Jury, 361 So.2d 35 (La.App. 1978).
We find support for this conclusion by the provisions of R.S. 33:9108
which requires the parish governing authority creating the communication district to defend, indemnify and hold harmless the district and its board members. It would seen inconsistent to have this requirement and not conclude the governing authority has general powers over the communication district.
Therefore, we would find no prohibition against a parish council member serving on the Board for the Lafourche Parish Communication District, and would overrule any earlier opinion to the contrary.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR