Dear Senator Cain:
We are in receipt of your request for an Attorney General's Opinion regarding the Board of Commissioners of the Sabine River Authority. You seek our opinion as to the definition of the phrase "or otherwise" as provided with regard to vacancies in L.A.-R.S. 38:2322(A)(2). You question whether this phrase means that a governor can cause a vacancy for any reason, such as failing to resubmit an existing member for Senate confirmation, or appointing another qualified person in place of an existing board member, or whether a vacancy can occur with good cause, such as malfeasance in office.
L.A.-R.S. 38:2322(A) provides in pertinent part:
 A. (1) The governing authority of the Sabine River Authority shall be vested in a board of commissioners thereof, which is hereby provided for. The board shall be composed of thirteen members, who shall be appointed by the governor, one of whom shall serve as chairman . . .
 (2) Each member of the board appointed by the governor shall serve a term concurrent with that of the governor making the appointment. The governor shall fill any vacancy among the appointed members of the board when such vacancy occurs by reason of death, resignation, or otherwise, for the remainder of the unexpired term. Each appointment by the governor shall be submitted to the Senate for confirmation, and beginning in 1984 every appointment confirmed by the Senate shall again be submitted by the governor to the Senate for confirmation every two years after the initial confirmation. (Emphasis added.)
"Public office" is defined in R.S. 42:1, and includes any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state, and defines "public officer" as any person holding a public office in this state. The office of member of the board of commissioners of the Sabine River Authority is established by law, R.S. 38:2322, and a board member is considered a public officer in the executive branch of state government. (R.S. 42:1; L.A.-Const. Art. IV, §§ 1, 5 (1974)).
In addressing your specific question, we refer to the basic tenants of the Louisiana Civil Code. Article 11 states, "The words of a law must be given their generally prevailing meaning." Article 12 states, "When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole." Article 13 states, "Laws on the same subject matter must be interpreted in reference to each other."
Examining the phrase "or otherwise" in R.S. 38:2322, we are of the opinion that the general meaning of the phrase is that instance when a vacancy occurs in the office, other than in the case of death or resignation. We then turn to the constitution and laws of this state to determine in what other instances a vacancy occurs, other than death and resignation.
The Louisiana Constitution specifically provides for the removal of appointed board members, which would create a vacancy in office, as follows:
 § 5. Governor; Powers and Duties
* * *
 (I) Removal Power. The governor may remove from office a person he appoints, except a person appointed for a term fixed by this constitution or by law.
* * *
(L.A.-Const. Art. IV, § 5(I)(1974))
This constitutional article grants discretionary power to the governor to remove a person he appoints from office, with the exception of a person appointed for a fixed term. L.A.-R.S.38:2322 sets a fixed term for members of the board of commissioners of the Sabine River Authority as "concurrent with that of the governor making the appointment." Therefore, in accordance with the Louisiana Constitution, a person appointed to the board of commissioners of the Sabine River Authority serves a concurrent term with the appointing governor and isexcluded during his term of office from the removal power granted in article IV, section 5(I). Therefore, the governor in this instance does not have an absolute and unqualified right to remove a board member during the member's term of office, or place another qualified person in place of an existing board member who has been confirmed by the Senate.[1]
The only other authority of removal of a public officer is removal by suit, as granted by the constitution, Article X, §§ 24 and 25 (1974). L.A.-Const. Art. X, § 25 provides:
 § 25. Removal by Suit; Officials Subject
 Section 25. For the causes enumerated in Paragraph (A) of Section 24 of this Article, the legislature shall provide by general law for the removal by suit of any state, district, parochial, ward, or municipal official except the governor, lieutenant governor, and judges of the courts of record.
Those causes enumerated in Paragraph (A) of Section 24 of Article X are (1) commission or conviction during a term of office of a felony, or (2) malfeasance or gross misconduct while in office. Although the constitution in Article X, § 25 mandates that the legislature provide by general law for the removal by suit of public officers for these enumerated reasons, the legislature has only provided by general law for removal by suit in the case of a felony conviction (LSA-R.S. 42:1411 and 1412). With regard to malfeasance or gross misconduct in office, general law provides for a criminal penalty; however, a public officer would be liable for impeachment as provided for by the constitution, Article X, § 24, for malfeasance or gross misconduct in office. In both of these instances, a vacancy would be created when a public officer was removed from office by suit for a felony conviction and/or impeached for malfeasance or gross misconduct in office.
Next, we look to the general law for other instances in which a vacancy in this particular office would be created. The statute, R.S. 38:2322, as amended by Louisiana Acts 1980, No. 723, provides for the initial appointment to be confirmed by the Senate and for re-submittal of each appointment every two years after the initial confirmation. This statute is in conflict with the 1974 Louisiana Constitution, as Art. IV, § 5 (H) of the Constitution provides for a governor's appointee to be subject only to an initial confirmation. Additionally LSA-R.S. 24:14, added by Louisiana Acts 1993, No. 1021, provides only for an initial confirmation by the Senate, and not re-submittal of appointments thereafter. In sum, these two provisions of law, R.S. 38:2322 and R.S. 24:14 contradict each other as to whether an appointee is subject only to an initial appointment or re-submittal thereafter, and R.S. 38:2322 also contradicts with the Louisiana Constitution, LSA-Const. Art. IV, § 5 (H) (1974). Therefore, it is our opinion that the latest expression of legislative will controls, whereas, according to R.S. 24:14, only the initial appointment of a member of the board of commissioners of the Sabine River Authority is subject to Senate confirmation, and a vacancy would not be created by failure to re-submit said appointee.
Other general law includes R.S. 42:71, which provides that a person who assumes or pretends to be a public officer without the authority of a commission from the governor is considered a usurper. A quo warranto action may be filed against a usurper, resulting in a judgment forbidding the usurper from holding or claiming the office without authority and declaring who is entitled to the office, which can create a vacancy in office. (LSA-C.C.P. art. 3901—3902).
Last, we reference the general definition of the term "vacancy" as provided in the Louisiana Election Code, but only as a guideline, as such definition is provided for an elected office and not an appointed one. LSA-R.S. 18:581 provides:
As used in this Title:
 (1) A `vacancy' occurs in an elective office when the office is or will be unoccupied by reason of the death of the official who was elected to the office, or by reason of his retirement or resignation, removal from office by any means, failure to take office for any reason, or when it becomes certain that the person elected to the office will not take the office on the day when the term for which he was elected commences, or when the person elected to or holding the office no longer meets the residence or domicile requirements of that office, any declaration of retention of domicile to the contrary notwithstanding.
* * *
In conclusion, it is our opinion that the governor may fill any vacancy among the appointed members of the board of commissioners of the Sabine River Authority for the remainder of the unexpired term when a vacancy occurs by reason of (1) death, (2) resignation, or (3) as otherwise provided for by law. Those instances which we have identified herein as a possibility of creating a vacancy in the office of member of the board of commissioners of the Sabine River Authority are as follows:
 (1) removal from office by suit for the conviction of a felony;
 (2) removal from office by impeachment for malfeasance or gross misconduct in office;
 (3) removal from office by judgment from a quo warranto proceeding finding person is a usurper;
 (4) failure of the appointee to receive Senate confirmation;
(5) retirement of the appointee;
 (6) failure of the appointee to take office for any reason; and
 (7) failure of the appointee to continue to meet the qualifications of office.
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _______________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL:cwr
Date Received: August 12, 1997 Date Released:
ANGIE ROGERS LAPLACE Assistant Attorney General
[1] See for comparison, Troxler v. Mongrue,175 So.2d 309 (La.App. 4 Cir. 1965), writ den. 178 So.2d 654, which held that a governor had absolute and unqualified power to remove a commissioner of a water works district, even though the five year term of office had not expired, relying on LSA-R.S.42:4. LSA-Const. Art. IV, § 5(I)(1974), in our opinion, supersedes this 1965 case and general law, R.S. 42:4.